Argued and submitted May 4, reversed and remanded June 2, 1982

ENSLEY,
*Petitioner on Review,*
*v.*
FITZWATER,
*Respondent on Review.*

(CA No. 19525, SC No. 28451)
645 P2d 1062

Gilah Tenenbaum, Portland, argued the cause and filed the brief for petitioner.

Nancy S. Tauman, Oregon City, argued the cause and filed the brief for respondent.

CAMPBELL, J.

## CAMPBELL, J.

The issue in this case is: Does an appellate court have jurisdiction over an appeal where the notice of appeal describes a nonappealable order but also refers to a judgment and a copy of the judgment is attached?

The trial court granted defendant's motion for summary judgment by an order dated October 27, 1980. The court denied plaintiff's motion for rehearing by an order dated November 3, 1980. The court entered judgment for defendant on November 3, 1980. Plaintiff filed a notice of appeal[1] providing as follows:

> "Plaintiff-Appellant Clifford O. Ensley hereby gives Notice of Appeal from the order granting defendant's motion for summary judgment, dated October 27, 1980, and the order denying plaintiff's motion for rehearing and motion to set aside the order granting defendant's motion for a summary judgment."

Plaintiff designated the record of the trial court proceedings in their entirety in his notice of appeal, and then provided:

> "Attached is a copy of the Order and Judgment Order appealed from, properly certified and showing the date of entry in the trial court."

Plaintiff attached a copy of the judgment to the notice of appeal. The Court of Appeals dismissed the appeal as being from a nonappealable order. 55 Or App 737, 639 P2d 716 (1982). Orders granting summary judgment are not appealable. *See Miller v. Grants Pass Irrigation District,* 290 Or 487, 622 P2d 729 (1981).

An appeal is taken to the Court of Appeals or to the Supreme Court by the filing of an notice of appeal, signed by the appellant, served on all parties and filed with the court together with proof of service. ORS 19.023. The notice must contain the following:

"(a) The title of the cause:

"(b) The names of the parties and their attorneys.

"(c) A notice to all parties or their attorneys as have appeared in the action, suit or proceedings *that an appeal*

---

[1] We recognize that plaintiff's counsel on appeal may not be the same attorney who represented plaintiff at trial.

*is taken from the judgment or some specified part thereof* and designating who are the adverse parties to the appeal.

"(d) A designation of those portions of the proceedings and exhibits to be included in the record in addition to the trial court file. The designation may not be later amended by the appellant unless the appellate court so orders.

"(e) A plain and concise statement of the points on which the appellant intends to rely. On appeal, the appellant may rely on no other points than those set forth in such statement. If the appellant has designated for inclusion in the record all the testimony and all the instructions given and requested, no statement of points is necessary." (Emphasis added).

ORS 19.029(1).

The jurisdictional effect of filing the notice of of appeal is described in ORS 19.033:

"(1) When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, subject to a determination under ORS 2.520, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law.

"(2) The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended.

"(3) After the Supreme Court or the Court of Appeals has acquired jurisdiction of the cause, the omission of a party to perform any of the acts required in connection with an appeal, or to perform such acts within the time required, shall be cause for dismissal of the appeal. In the event of such omission, the court, on motion of the respondent or, on its own motion, may dismiss the appeal. An appeal dismissed on the court's own motion may be reinstated upon showing of good cause for such omission."

In *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978), this court held that a description of the judgment appealed from is essential to appellate jurisdiction. We did not include a specification as to location of the description in the notice of appeal as a jurisdictional requisite.

Although, as in *Stahl,* plaintiff's description is of a nonappealable order granting summary judgment and

denying plaintiff's motions, *see Miller v. Grants Pass Irrigation District, supra,* plaintiff here attached a copy of the judgment to his notice and expressly referred to attachment of the "judgment order[2] appealed from." These additional steps were missing in *Stahl.* In this case the adverse party and an appellate court could easily determine from the face of the notice, documented by the judgment attached, that the judgment entry necessary to its jurisdiction was present and that the appeal was taken from that judgment. We therefore order reinstatement of plaintiff's appeal.

Reversed and remanded to the Court of Appeals.

---

[2] The term "judgment order" has no meaning and should not be used. "Judgment" and "order" are two separate terms and have different meanings.