Submitted on record and brief November 14, 1986, reversed and remanded
January 28, 1987

SOLDO et al,
*Appellants,*

*v.*

FOLLIS,
dba George's Auto Repair,
*Respondent.*

(CV 85-20; CA A37825)

732 P2d 72

Dale L. Smith and Reynolds & Smith, P.C., Hermiston, submitted the brief for appellants.

No appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

■     The trial court allowed defendant's motion for judgment on the pleadings, ORCP 21B, and dismissed the amended complaint with prejudice. The basis for the ruling was that plaintiffs had failed to file a reply to the answer which contained an affirmative defense. Plaintiffs appeal, and we reverse.[1]

■ ■     Plaintiffs' amended complaint alleges fraud and unlawful trade practices, ORS 646.605 to ORS 646.656, concerning repairs done by defendant on plaintiffs' automobile. Defendant's answer affirmatively alleged that plaintiffs were negligent. Plaintiffs did not file a reply, and defendant moved for judgment on the pleadings.

ORCP 13B provides in part:

> "There shall be a reply to a counterclaim denominated as such and *a reply to assert any affirmative allegations in avoidance* of any defenses asserted in an answer." (Emphasis supplied.)

It appears that the trial court interpreted the rule to mean that a reply is necessary to *deny* the allegations of an affirmative defense. That is incorrect. Under ORCP 13B, a reply to an affirmative defense is required only when the plaintiff seeks to avoid the affirmative defense by affirmative allegations. The Council on Court Procedures, Staff Comment to ORCP 13, explains:

> "The description of pleadings in section 13B. changes the existing Oregon practice by eliminating the routine reply containing only denials of affirmative matter in the answer. *No reply is required to deny affirmative matter in the answer.*" (Emphasis supplied.)[2]

---

[1] Plaintiffs appeal from a "judgment order." That term has no meaning, *Ensley v. Fitzwater,* 293 Or 158, 162 n 2, 645 P2d 1062 (1982), and it creates difficulty in determining whether the document appealed from is an appealable judgment under ORS 19.010. Although ORCP 21B provides for a "judgment" on the pleadings, ORCP 25 authorizes the court to permit the party against whom the motion was allowed to amend the pleadings. Accordingly, an order allowing judgment on the pleadings should not be confused with a judgment. *See* ORCP 70. Because the substance of the "judgment order" "adjudged" the rights of the parties and dismissed the complaint, it is an appealable judgment under ORS 19.010.

[2] ORCP 13B changed the law under *former* ORS 16.620, *repealed by* 1979 Or Laws, ch 284, § 199.

Because plaintiffs were not required to file a responsive pleading, the affirmative allegations in the answer were deemed denied pursuant to ORCP 19C.[3]

Reversed and remanded.

---

[3] ORCP 19C provides, in part:

"Allegations in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."