Argued and submitted May 8; reassigned August 14, the decision of the Court of
Appeals affirmed; appeal dismissed December 12, 1991

Beverly ZACKER,
*Petitioner on Review,*

*v.*

NORTH TILLAMOOK COUNTY
HOSPITAL DISTRICT,
*Defendant,*

*and*

Stephen VANDERWAAL,
*Respondent on Review.*

(CC 89-2043; CA A66514; SC S37789)

822 P2d 1143

Kathryn H. Clarke, Portland, argued the cause and filed the petition for petitioner on review.

Robert D. Durham, of Bennett & Durham, Portland, argued the cause and filed the response to the petition for respondent on review.

PETERSON, J.

### PETERSON, J.

The plaintiff filed a notice of appeal from an order granting the defendant's motion to dismiss the complaint. A judgment of dismissal was entered by the trial court on the same day as its dismissal order, but the judgment was not attached to the notice of appeal and no reference to it was made therein. On the defendant's motion, the Court of Appeals dismissed the appeal. Its order states:

> "On or about June 13, 1990, the trial court entered an order granting defendant Vanderwaal's motion to dismiss. On the same date, the trial court entered a judgment of dismissal. Plaintiff's notice of appeal purports to appeal only from the order of dismissal in that the text of the notice refers only to the order of dismissal and does not refer to any judgment, and only a copy of the order of dismissal is attached to the notice of appeal. An appeal may not be taken from an order of dismissal. *City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983)."

We affirm.

The case turns on two statutes, ORS 19.033(2) and 19.029(1)(c). ORS 19.033(2) provides:

> "The following requirements of ORS 19.023, 19.026 and 19.029 are jurisdictional and may not be waived or extended:
>
> "(a)  Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.023(2)(a), within the time limits prescribed by ORS 19.026.
>
> "(b)  Filing of the original of the notice of appeal with the Court of Appeals as provided in ORS 19.023(3), within the time limits prescribed by ORS 19.026."

ORS 19.029(1) provides in part:

> "The notice of appeal shall contain the following:
>
> "(a)  The title of the cause.
>
> "(b)  The names of the parties and their attorneys.
>
> "(c)  A notice to all parties or their attorneys as have appeared in the action or proceedings that an appeal is taken from the judgment or some specified part thereof and designating who are the adverse parties to the appeal."

Two prior decisions of this court are relevant to the issue here before us.

In *Stahl v. Krasowski*, 281 Or 33, 573 P2d 309 (1978), the defendant appealed from an order denying the defendant's motion for judgment notwithstanding the verdict. The notice of appeal stated that " 'an appeal is taken * * * from the Order Denying Motion for Judgment Notwithstanding Verdict entered herein on September 15, 1977.' " 281 Or at 35. A copy of the order was attached to the notice of appeal. At that time, ORS 19.029(1) (1977) was virtually identical to current ORS 19.029. ORS 19.033(2) (1977) then provided:

> "The serving and filing of the notice of appeal as provided by ORS 19.023 to 19.029 is jurisdictional and may not be waived or extended."

The court first noted that "from time immemorial * * * an order denying a motion for a judgment notwithstanding the verdict is not an appealable order." *Stahl v. Krasowski, supra*, 281 Or at 36. The court then addressed the appellant's contention that "mistakes in the contents of a notice of appeal are not jurisdictional," *id.*, and held that the reference requirement of ORS 19.029(1)(c) — that a notice of appeal contain "[a] notice to all parties or their attorneys * * * that an appeal is taken from the judgment or some specified part thereof" — was jurisdictional because of the express wording of ORS 19.033(2). The court stated:

> "If anything within the notice of appeal is jurisdictional, and it is apparent from the inclusion of ORS 19.029 within the jurisdictional limitations of ORS 19.033(2) and from the report of the interim committee that some part of the contents of the notice was intended to be, it must be a description of what action of the trial court is appealed from, because, other than the title of the case, that is the most important thing which the notice contains.
>
> "It is our conclusion that it was the intention of both the interim committee and the legislature to treat the designation of that which is appealed from as 'jurisdictional.' " *Id.* at 39.

In *City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983), this court noted the significance of the distinction between a judgment and an order of dismissal. In

that case, the Court of Appeals had dismissed an appeal from a judgment dated September 9, 1982, because the plaintiff could have appealed from a prior order of dismissal entered June 4, 1982. This court reversed the Court of Appeals, saying:

> "To be appealable under ORS 19.010(2)(a), an order must not only 'determine the action or suit' but must 'prevent a judgment or decree therein.' If the quoted document in this case was only an 'order,' so as to fall under ORS 19.010(2)(a), it would lay the foundation for entry of a judgment not prevent it. The June 4 'order' was appealable only if it was itself a 'judgment or decree' appealable under ORS 19.010(1).
>
> "The circuit court may have intended the order to have that effect, because it disposed of the case except for taxation of costs, disbursements, and attorney fees, which does not delay entry of judgment. ORCP 70B(1). Nevertheless, an 'order' cannot take the place of a 'judgment or decree.' ORCP 70A specifically prescribes: 'Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document.' Counsel contemplating an appeal must be able to rely on that document, properly labeled a 'judgment,' in determining the 30-day period within which to file notice of appeal under ORS 19.026(1).
>
> . "The Court of Appeals therefore dismissed the appeal upon an erroneous premise." 296 Or at 193-94 (footnote omitted).

The plaintiff does not dispute that, under *Stahl*, the Court of Appeals was without jurisdiction. Rather, she argues that amendments in 1985 to ORS 19.033(2) implicitly overturned the rule of *Stahl*.[1] The plaintiff argues that the 1985 amendments to ORS 19.033(2) eliminate the jurisdictional nature of the contents of the notice of appeal and leave only service on all adverse parties and filing of the original notice with the Court of Appeals as jurisdictional prerequisites. Neither the text of the 1985 amendments to ORS 19.033(2) nor the legislative history suggests an intention to "repeal" the rule of *Stahl*.

---

[1] The plaintiff's counsel on review was not her trial counsel or the counsel who filed the notice of appeal that we find defective.

Before the 1985 amendments, ORS 19.033(2) provided: "The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 and 19.029 is jurisdictional and may not be waived or extended." After the 1985 amendments, ORS 19.033(2) provided: "The following requirements of ORS 19.023, 19.026 and 19.029 are jurisdictional and may not be waived or extended: (a) Service of the notice of appeal * * * [and] (b) Filing of the * * * notice of appeal * * *." The change in wording, insofar as the issue before us is concerned, is one of form, not substance.

The legislative history of the 1985 amendments indicates that the change in ORS 19.033(2) was intended to achieve two goals.[2] First, the changes in ORS 19.033(2)(a) were intended to limit the jurisdictional nature of the service requirement. In *Jacobson v. Mt. Park Home Owners Assn.*, 65 Or App 269, 670 P2d 633 (1983), *rev den* 296 Or 253 (1984), the Court of Appeals had dismissed an appeal on the ground that the appellant had failed to serve the notice of appeal on a party whose appearance in the trial court was limited to a stipulated order dismissing him from the case. Because he had appeared below and because service on all parties who had appeared was a jurisdictional requirement, the Court of Appeals dismissed the appeal for lack of jurisdiction. The amendment, proposed by the Judicial Department as a result of *Jacobson*, eliminated the need to serve such parties, on the rationale that the failure to serve an uninterested party should not deprive the appellate court of jurisdiction. Thus, under ORS 19.033(2)(a), service of the notice of appeal is jurisdictional only with regard to those parties "identified in the notice of appeal as adverse parties."[3]

The second purpose of the amendments to ORS 19.033(2) was to codify the holdings of this court in *McQuary v. Bel Air Convalescent Home, Inc.*, 296 Or 653, 678 P2d 1222 (1984), and *Bauman v. Gittelsohn*, 296 Or 663, 678 P2d 1226 (1984), that timely service of the notice of appeal on trial

---

[2] The amendments to ORS 19.033(2) were enacted as part of House Bill 2205 in the 1985 session of the Legislative Assembly. HB 2205 was proposed by the Judicial Department. James Nass, Legal Counsel to the Supreme Court and Court of Appeals, submitted written and oral testimony regarding the various provisions of the bill.

[3] If the notice of appeal "does not identify adverse parties," then the notice must be served on all parties who have appeared in the case. ORS 19.033(2)(a).

court clerks and court reporters was not jurisdictional. ORS 19.033(2)(b) now requires only timely filing of the original of the notice of appeal in the Court of Appeals. Taken together, the amendments to ORS 19.033(2) eliminated the *Jacobson* jurisdictional trap and clarified the rules regarding which service and filing requirements are jurisdictional. There is nothing in the testimony, exhibits, or any other part of the hearings held by the House and Senate Judiciary Committees regarding this court's decision in *Stahl*.[4] Given the references to decisions of this court and of the Court of Appeals, with specific mention of this court's decision in *McQuary* and the lack of any reference to *Stahl*, there is nothing to suggest that the legislature intended to overturn the holding in *Stahl* by its amendments to ORS 19.033(2).

In the present case, as in *Stahl v. Krasowski, supra,* there is no reference in the notice of appeal to a judgment. The Court of Appeals' determination that it was without jurisdiction to proceed was correct. Therefore, the order of the Court of Appeals dismissing the plaintiff's appeal is affirmed.

---

[4] In support of another provision of HB 2205, James Nass testified that this court has recognized important differences between orders and judgments. HB 2205 also amended ORS 19.033(4) to allow the Court of Appeals to remand a matter to the trial court so that a proper appealable judgment may be entered where the notice of appeal was filed from a nonappealable order or defective judgment that the Court of Appeals believes was intended to be a final judgment. The purpose of this provision was to prevent the waste of resources that resulted from the dismissal of appeals from defective judgments or nonappealable orders and the subsequent refiling of those appeals following the entry of judgment by the trial court. That is not what occurred in the present case. Here, the trial court had entered a judgment based on the order of dismissal. No timely appeal was taken from that judgment.