Argued and submitted July 2, 2020, affirmed April 20, 2022

R. S. R.,
a Minor Child, by and through
Livia Goetz, guardian *ad litem* of R. S. R.,
*Plaintiff,*
*and*

Brian RANDALL,
*Plaintiff-Appellant,*

*v.*

STATE OF OREGON,
by and through its
Department of Human Services,
*Defendant-Respondent,*
*and*

KAISER FOUNDATION HEALTH PLAN
OF THE NORTHWEST,
dba Kaiser Permanente; et al.,
*Defendants.*

Multnomah County Circuit Court
17CV55079; A170268

510 P3d 209

Plaintiff filed suit alleging, among other things, that defendant Department of Human Services (DHS), had subjected him to negligent infliction of emotional distress (NIED) through DHS's handling of juvenile dependency proceedings involving plaintiff's son. The trial court dismissed that claim, concluding that the complaint failed to state a claim for NIED, because it did not sufficiently allege a special relationship between plaintiff and DHS or another legally protected interest sufficient to allow recovery for plaintiff's purely psychic injuries. Plaintiff appeals. In its response, DHS argues that the trial court did not err and that, in any event, the Court of Appeals lacks jurisdiction to hear the appeal, because plaintiff's notice of appeal failed to designate the judgment being challenged, as required by ORS 19.270. *Held*: Because plaintiff's notice of appeal gave DHS reasonable notice that its interest in the challenged judgment was at issue on appeal, the defect was not jurisdictionally fatal. As to the merits, however, plaintiff failed to establish that the trial court had erred in dismissing his claim.

Affirmed.

Stephen K. Bushong, Judge.

Richard D. Cohen argued the cause and filed the brief for appellant.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Shorr, Judge, and DeHoog, Judge pro tempore.*

MOONEY, P. J.

Affirmed.

_____
  * Shorr, J., *vice* DeVore, S. J.

## MOONEY, P. J.

Following the dismissal of juvenile dependency proceedings involving his son, R, plaintiff and R (through a guardian *ad litem*) filed suit against the Department of Human Services (DHS), Kaiser Permanente, and Skiver, a therapist and social worker who had diagnosed R as the victim of sexual abuse. As relevant on appeal, the third claim of the amended complaint alleged that DHS had subjected plaintiff to negligent infliction of emotional distress and sought recovery of counseling-related expenses and non-economic damages related to plaintiff's alleged emotional or psychological harms. On appeal, plaintiff challenges the trial court's dismissal of that claim pursuant to defendant's ORCP 21 A(8)[1] motion to dismiss, which the court granted based on its conclusion that plaintiff had not alleged a special relationship with DHS or another legally protected interest sufficient to render plaintiff's purely psychological injuries recoverable in negligence.[2]

As a preliminary matter, DHS argues that we lack jurisdiction to hear plaintiff's appeal. According to DHS, plaintiff's notice of appeal was fatally defective because it failed to designate the proper judgment as required by ORS 19.270 (providing for appellate jurisdiction "when the notice of appeal has been served and filed as provided in," among other provisions, ORS 19.250 (setting out required contents of the notice of appeal)). In DHS's view, because the notice of appeal expressly designated and attached a March 4, 2019, supplemental judgment awarding DHS its costs—not the limited judgment entered on February 19 that disposed of plaintiff's negligent infliction of emotional distress claim against DHS—our jurisdiction is limited to the specific issues addressed in the supplemental judgment. *See* ORS 19.270(7).[3] Although we recognize that plaintiff's notice of appeal failed to expressly designate the proper judgment,

---

[1] ORCP 21 A(8) was renumbered as ORCP 21 A(1)(h), effective January 1, 2022. We cite the former version in this opinion. It allows motions to dismiss to be brought for "failure to state ultimate facts sufficient to constitute a claim."

[2] Only plaintiff and DHS are parties to this appeal.

[3] ORS 19.270(7) states that, "[i]f a limited or supplemental judgment is appealed, the jurisdiction of the appellate court is limited to the matters decided by the limited or supplemental judgment."

we disagree, for the reasons that follow, that plaintiff's error deprives us of jurisdiction to consider the merits of plaintiff's appeal. As to those merits, however, we conclude that plaintiff did not sufficiently develop the issue whether, as the parent of a child subject to the dependency jurisdiction of the juvenile court and placed in the legal custody of DHS, his relationship with DHS is sufficiently special or he has some other legally protected interest sufficient to permit him to seek damages from DHS for "psychic injuries" alone. Accordingly, we affirm.

## JURISDICTIONAL FACTS

The facts relevant to DHS's jurisdictional argument are procedural and undisputed. As noted, plaintiff and his son, R, filed an action asserting various claims of relief against DHS, Kaiser Permanente, and Kaiser's employee, Skiver. On August 17, 2018, following a hearing on DHS's motion to dismiss under *former* ORCP 21 A(8) the third claim of the amended complaint—plaintiff's allegation of negligent infliction of emotional distress against DHS—the trial court entered an order dismissing that claim with prejudice.[4] The court subsequently entered a limited judgment on February 19, 2019, that, among other things, disposed of plaintiff's claim against DHS and awarded costs to Skiver and Kaiser Permanente. On March 4, 2019, the court entered a supplemental limited judgment awarding DHS its costs. Plaintiff served and filed a notice of appeal on March 5, 2019, that designated only the supplemental limited judgment awarding costs as the judgment on appeal; plaintiff attached a copy of the supplemental limited judgment to his notice of appeal.

As permitted by ORS 19.250(1)(f)—though not required where, as here, an appellant designates the trial court record in its entirety as the record on appeal—plaintiff's notice of appeal included the following statement of points on which he intended to rely:

---

[4] The amended complaint was the operative complaint at the time of the ruling at issue on appeal, and only the third claim of that complaint was on plaintiff's behalf. For ease of reference, we hereafter refer to the amended complaint simply as "the complaint," and the third claim of the complaint, alleging negligent infliction of emotional distress by DHS, as "plaintiff's claim."

"The court ruled that DHS did not owe a special duty or fiduciary obligation to the Appellant, and therefore there could be no recovery by Appellant. Appellant is the father of the child improperly taken into care and improperly harmed by DHS and Appellant seeks damages for psychological or emotional damage done to Appellant-Father. Appellant believes there was a fiduciary relationship owed by DHS to him per Oregon Administrative rule 413-010-0000 (14) which provides in a situation in which DHS takes custody of the child that a parent is a client of the Department of Human Services - Child Welfare Services."

The notice of appeal also included the following statement:

"This Appeal challenges the summary dismissal of Appellant's action against Respondent. Appellant designates the record in its entirety up to and including all documents and pleadings submitted in the matter and the arguments presented to the court on July 18, 2018[,] as well as the Supplemental Limited Judgment and Money Award signed by the court on March 1, 2019."

Plaintiff's notice identified only DHS as the respondent on appeal.

## APPELLATE COURT JURISDICTION

Before turning to DHS's jurisdictional argument, we briefly discuss the provisions governing our jurisdiction. First, ORS 19.270(1) provides, in part, that "[t]he Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255." In turn, ORS 19.270(2) states that certain "requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended," and specifically identifies timely filing with the Court of Appeals and service on all adverse parties as essential to our jurisdiction. *See* ORS 19.270(2)(a) (requiring service "as provided in ORS 19.240 (2)(a), within the time limits prescribed by ORS 19.255"); ORS 19.270(2)(b) (same as to filing notice with Court of Appeals).

Although ORS 19.270(2) specifically identifies only timely service and filing of the notice of appeal as jurisdictional requirements, we have explained that other requirements are jurisdictional as well; that is, ORS 19.270(2) "is

not an all-inclusive list of appellate court jurisdictional requirements." *Jeffries v. Mills*, 165 Or App 103, 111, 995 P2d 1180 (2000). Another requirement recognized under our case law is "a description of the trial court action being appealed *** because of its importance in providing essential notice of the appeal." *Id.* at 112. Relatedly, although "there is no jurisdictional requirement that a notice of appeal attach the judgment" or include the correct date of entry of the judgment, "there must be some intelligible reference in the notice of appeal to the judgment being appealed." *Grant County Federal Credit Union v. Hatch*, 98 Or App 1, 6 n 4, 777 P2d 1388, *rev den*, 308 Or 592 (1989). Finally, returning to the statute, ORS 19.270(7) provides that, "[i]f a limited or supplemental judgment is appealed, the jurisdiction of the appellate court is limited to the matters decided by the limited or supplemental judgment."

## SUFFICIENCY OF PLAINTIFF'S NOTICE OF APPEAL

As noted, DHS contends that we lack jurisdiction to consider plaintiff's assignment of error because his notice of appeal failed to designate the judgment being challenged, namely, the February 19, 2019, limited judgment disposing of his negligent infliction of emotional distress claim. Citing ORS 19.270(7) and cases construing it, DHS argues that our jurisdiction is limited to matters decided by the March 4, 2019, supplemental limited judgment awarding DHS its costs, the only judgment plaintiff attached to his notice of appeal. Plaintiff has offered no reply to DHS's jurisdictional argument. Nonetheless, we conclude that plaintiff's inartful designation of the matter on appeal is not jurisdictionally fatal.

In reaching that conclusion, we recognize that we and the Supreme Court have, at times, applied the statutory requirements for appellate jurisdiction rather strictly. For example, in *Stahl v. Krasowski*, 281 Or 33, 35, 573 P2d 309 (1978), the Supreme Court construed *former* ORS 19.033 (1977), *renumbered as* ORS 19.270 (1997), and held that the appellant's notice of appeal was jurisdictionally defective when it stated that the appeal was being taken from an *order* denying a certain motion rather than the "actual

judgment order from which the appeal should have been taken[.]" Reasoning that an order of the sort being challenged on appeal was not an appealable order, and recognizing that *former* ORS 19.033(2) (1977), *renumbered as* ORS 19.270 (1997), stated that "[t]he serving and filing of the notice of appeal as provided in ORS 19.023 to 19.029 is jurisdictional," the court held that the appellant's failure to satisfy the requirements of *former* ORS 19.029 (1977), *renumbered as* ORS 19.250 (1997) (stating what notice of appeal must contain), deprived the appellate courts of jurisdiction. *Id.* at 38 (internal quotation marks omitted). Even though the court acknowledged that not *all* of the content requirements of *former* ORS 19.029 (1977) were jurisdictional, "a description of what action of the trial court is appealed from" was jurisdictionally required.[5] *Id.* at 39.

Similarly, in *Zacker v. North Tillamook County Hospital Dist.*, 312 Or 330, 332, 822 P2d 1143 (1991), the Supreme Court held that the Court of Appeals did not have jurisdiction to hear an appeal when the plaintiff's notice of appeal identified only an order granting the defendant's motion to dismiss, not the judgment of dismissal that the trial court had entered the same day. In reaching that conclusion, the Supreme Court rejected the argument that, in making certain changes to *former* ORS 19.033(2) (1997) in the intervening years, the state legislature had implicitly overruled the court's holding in *Stahl* that certain of the content requirements found in *former* ORS 19.029 (1977) were jurisdictional. *Zacker*, 312 Or at 334.

Finally, in *State v. Fowler*, 350 Or 133, 137, 252 P3d 302 (2011), under circumstances superficially similar to those present in this case, the Supreme Court held that we had erred in deciding the merits of the defendant's challenge to the imposition of witness-transportation costs because the original notice of appeal had identified the general judgment as the judgment on appeal rather than the

---

[5] At the time of the court's decision in *Stahl*, *former* ORS 19.029(1)(d) (1977) required, among other things, that the notice of appeal contain a notice "that an appeal is taken from the judgment or some specified part thereof[.]" The corresponding text now found in ORS 19.250(1)(d) similarly requires notice "that an appeal is taken from the judgment or some specified part of the judgment."

supplemental judgment that actually imposed the challenged costs. In so doing, the court specifically stated that, as a jurisdictional requirement,

> "the notice of appeal must specify the judgment from which the appeal is taken. *See Zacker v. North Tillamook County Hospital Dist.*, 312 Or 330, 333, 822 P2d 1143 (1991), ('"If anything within the notice of appeal is jurisdictional, * * * it must be a description of what action of the trial court is appealed from,"' quoting *Stahl v. Krasowski*, 281 Or 33, 35, 573 P2d 309 (1978))."

350 Or at 137 (footnote omitted).

Our own case law has at times been equally stringent in applying ORS 19.270. For example, in *White v. Vogt*, 258 Or App 130, 308 P3d 356 (2013), a case that DHS relies on in this appeal, we held that we lacked jurisdiction to review the denial of the plaintiffs' motion for summary judgment, which the plaintiffs sought to challenge on appeal. We held that, because the plaintiffs' notice of appeal had been from a limited judgment granting the defendants' dispositive motions and a supplemental judgment awarding fees and costs, our jurisdiction on appeal was "limited to those matters[.]" *Id.* at 139-40; *see also* ORS 19.270(7) (when limited or supplemental judgment is appealed, appellate court's jurisdiction is limited to issues decided by that judgment).

Notwithstanding those seemingly rigid applications of ORS 19.270 and its statutory predecessors, we conclude that plaintiff's notice of appeal in this case was sufficient to invoke our jurisdiction to hear his appeal. Unlike the appellants in *Stahl* and *Zacker*, plaintiff did not designate an order as the trial court action that he sought to appeal. And although, as in *Fowler*, plaintiff here expressly identified a judgment that was not the judgment that he sought to challenge, we nonetheless conclude that *Fowler* is distinguishable. In that case, the trial court sentenced the defendant on October 8, 2008, and entered a general judgment the same day. *Fowler*, 350 Or at 135. The trial court awarded the state its witness-transportation costs at a later hearing held on October 22 and entered a supplemental judgment reflecting that ruling two days later, on October 24. *Id.* at 135-36.

When the defendant filed a notice of appeal on November 4, he identified the October 8 judgment but not the October 24 judgment. *Id.* at 136.

In holding that the defendant's notice had not invoked our jurisdiction to address the trial court's award of costs in the supplemental judgment, the Supreme Court reasoned that "[n]othing in defendant's November 4, 2008, notice of appeal indicated that defendant intended to appeal" the October 24 judgment. *Id.* at 138. "Instead, defendant waited until December 16, 2008, to express that intention."[6] *Id.* Here, in contrast, plaintiff's notice of appeal stated in some detail that the trial court ruling that he intended to challenge on appeal was its "rul[ing] that DHS did not owe a special duty or fiduciary obligation to the Appellant, and therefore there could be no recovery by Appellant." The notice further clarified the objective of plaintiff's appeal, expressly stating, "[t]his Appeal challenges the summary judgment dismissal of Appellant's action against Respondent." That is, unlike the notice of appeal at issue in *Fowler*, here we cannot say that "nothing *** indicated that [plaintiff] intended to appeal" the limited judgment that disposed of the complaint's third claim for relief. *See id.* The *only* "action of the trial court" explicitly identified in plaintiff's notice of appeal was the court's "summary judgment dismissal" of that claim—"Appellant's action against Respondent [DHS]"—which the limited judgment entered on February 19, 2019, encompassed.[7]

Given those circumstances, plaintiff's notice of appeal did not suffer any infirmity that, under any of the foregoing cases, would render it jurisdictionally defective.

---

[6] The defendant in *Fowler* filed an amended notice of appeal on December 16, 2008, specifying that she sought to appeal the October 24, 2008, judgment. However, by then, the defendant's notice of appeal was nearly a month past the filing deadline and, the court concluded, not separately effective to confer jurisdiction. 350 Or at 138.

[7] Notably, in *Fowler*, one of the issues that the defendant intended to raise on appeal was the trial court's acceptance of two nonunanimous jury verdicts, a ruling that was encompassed within the general judgment that, unlike the supplemental judgment awarding costs, the defendant had expressly designated in her notice of appeal. 350 Or at 136. As a result, that notice would have given the state no indication that defendant also intended to challenge a different ruling encompassed in a different judgment.

In discussing the requirements of ORS 19.270 (appellate court jurisdiction) and ORS 19.250 (what notice of appeal must contain), we have explained:

> "The touchstones of appellate jurisdiction are minimally adequate notice and timeliness in the filing of the notice of appeal. Consequently, we have declined to hold that content defects in a notice of appeal are jurisdictional when the nature of the defect is such that the party received adequate notice. For the notice to be 'minimally adequate' it must contain enough information reasonably to apprise the adverse parties that an appeal is being taken from an appealable judg[]ment. In other words, if the parties with an interest in the judgment receive reasonable notice that their rights in a particular judgment might be affected, a content defect will not be jurisdictionally fatal."

*Jeffries*, 165 Or App at 112. Because, as we have noted, there is no jurisdictional requirement that an appellant attach a copy of the challenged judgment or identify that judgment by the correct date, *Grant County Federal Credit Union*, 98 Or App at 6 n 4, we look to whether plaintiff's notice of appeal provided DHS "reasonable notice that their rights in a particular judgment might be affected," *Jeffries*, 165 Or App at 112, namely, the judgment disposing of plaintiff's negligent infliction of emotional distress claim.

Our decision in *Grant County Federal Credit Union* informs us as to what notice is reasonable under these circumstances. There we said that, "when * * * there are multiple judgments, there must be some intelligible reference in the notice of appeal to the judgment being appealed." 98 Or App at 6 n 4. In that case, the only reference to the proper judgment in the notice of appeal was its identification of the adverse party. *Id.* Because the named adverse party had been party to only one judgment issued by the trial court, it was reasonably possible to determine that the appeal was taken from that judgment; accordingly, the notice was "jurisdictionally adequate." *Id.*

Here, the notice of appeal's statement of points, together with its reference to "the summary judgment dismissal of Appellant's action against Respondent," gave DHS "jurisdictionally adequate" notice that plaintiff sought to

appeal the limited judgment entered on February 19, 2019, as only that judgment dismissed his claim against DHS. In other words, the notice of appeal readily satisfied the "intelligible reference" standard that we previously have articulated, because, by referring to (1) DHS, (2) the dismissal of plaintiff's claim against DHS, and (3) plaintiff's intent to challenge that ruling, the notice necessarily gave DHS "reasonable notice that [its] rights in [that] judgment might be affected," *Jeffries*, 165 Or App at 112; *see also Smith v. Koors*, 149 Or App 198, 203, 942 P2d 807 (1997) (concluding that we had appellate jurisdiction even though notice of appeal designated incorrect judgment, stated wrong judgment date, and attached a nonfinal judgment, because notice named the proper adverse party and otherwise indicated that the appellant sought to appeal the final judgment). Accordingly, we conclude that we have jurisdiction to consider the merits of plaintiff's claim on appeal.

## SUFFICIENCY OF PLAINTIFF'S CLAIM

Turning to the merits, plaintiff contends that the trial court erred in dismissing, under *former* ORCP 21 A(8), his claim against DHS for negligent infliction of emotional distress. The court concluded that the complaint failed to state such a claim because plaintiff did not allege a special relationship with DHS or that DHS had infringed upon a legally protected interest of plaintiff's sufficient to render his purely emotional or psychological injuries recoverable in negligence. As we explain below, we conclude that plaintiff has not established that the trial court erred in dismissing his claim. We therefore affirm.

We review the dismissal of a claim under *former* ORCP 21 A(8) for legal error, "taking as true all well-pleaded factual allegations, and giving plaintiff the benefit of all reasonable inferences that can be drawn from those facts." *Nationwide Ins. Co. of America v. TriMet*, 264 Or App 714, 715, 333 P3d 1174 (2014) (internal quotation marks omitted). Here, however, because we ultimately find it unnecessary to test the factual allegations of the complaint against the applicable legal standards, it is likewise unnecessary to set out those allegations in any detail. It suffices to summarize the complaint as alleging that, in removing

plaintiff's son, R, from his care and throughout the ensuing juvenile court proceedings, DHS's purported acts and omissions negligently caused plaintiff severe emotional distress. Plaintiff further alleged damages in the estimated amount of $20,000 for the cost of "mental health services and related counseling," as well as noneconomic damages in the amount of $750,000 for, among other things, "emotional injury, mental anguish, trauma, interference with his ability to form close relationships, anxiety and sleep deprivation, mistrust in the attentions and intentions of others[,] and depression."

Under Oregon negligence law, one typically may recover damages for injuries that are the foreseeable result of unreasonable conduct by another. *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987) ("[T]he issue of liability for harm actually resulting from [a] defendant's conduct [typically] depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff."). Where, however, a plaintiff sues based solely on negligently caused emotional or psychological harms—often referred to as "purely psychic" injuries—the mere foreseeability of the plaintiff's injuries is insufficient to establish liability; rather, "there must also be another 'legal source' of liability for the plaintiff to recover emotional distress damages." *Philibert v. Kluser*, 360 Or 698, 703, 385 P3d 1038 (2016) (quoting *Norwest v. Presbyterian Intercommunity Hosp.*, 293 Or 543, 569, 652 P2d 318 (1982)).

Here, plaintiff does not dispute that the damages he seeks in his negligence claim against DHS are for purely psychic injuries. Nor does he challenge the trial court's ruling that, to recover those damages, he was required to establish, as a legal source of liability, that he and DHS were in a "special relationship" to each other. *See id.*; *see also Lowe v. Philip Morris USA, Inc.*, 207 Or App 532, 551, 142 P3d 1079 (2006) (noting, as one exception to general rule prohibiting recovery for negligently inflicted emotional injuries in absence of physical injury, cases in which the plaintiff establishes "some duty over and above the duty to avoid foreseeable risk of harm, for example, a duty arising from a special

relationship"). He contends, however, that the allegations of the complaint satisfy that requirement.

In arguing that his relationship with DHS was sufficient to merit protection against negligently inflicted emotional harm, plaintiff points to various child-protection statutes and related administrative rules that, in his view, demonstrate (1) that parents are clients of DHS, *see* OAR 413-010-0000(14) (defining, for purposes of OAR chapter 413, division 10, "client" as "any individual receiving services from [DHS], including [a] parent"); (2) that DHS must work towards reestablishment of the parent-child relationship, *see* OAR 413-010-0180(g) (stating right to reunification services for those in legal custody of DHS); and (3) that he holds a liberty interest in his relationship with his child, *see* ORS 419B.090(4) ("It is the policy of the State of Oregon to guard the liberty interest of parents protected by the Fourteenth Amendment to the United States Constitution * * * established by the United States Supreme Court[.]"); *see also Troxel v. Granville*, 530 US 57, 120 S Ct 2054, 147 L Ed 2d 49 (2000) (plurality opinion) (recognizing that parents have a due-process right to makes decisions regarding the care and upbringing of their children).

Beyond citing those provisions, however, plaintiff does little to demonstrate that he established the sort of special relationship between DHS and parents involved in dependency proceedings that plaintiff acknowledges he must show to prevail on appeal. Other than citing *Nearing v. Weaver*, 295 Or 702, 670 P2d 137 (1983), a case that plaintiff simply describes as "somewhat analogous to [this] case," plaintiff neither engages the extensive case law addressing the issue central to his appeal, nor explains how the various statutes and administrative rules set out above are the sorts of laws that the case law has recognized as giving rise to liability for negligently caused emotional distress.

It is insufficient for plaintiff to merely identify those authorities and task us with determining how, under controlling case law, they apply to his case. *See Sternberg v. Lechman-Su*, 299 Or App 450, 457, 450 P3d 37 (2019) (where plaintiff's constitutional argument likely implicated complex issues of state and federal constitutional law, her

"undeveloped argument" on that point did "not present a basis for reversal"). And whatever further argument plaintiff may have in support of imposing liability here, we will not make it for him. *See Beall Transport Equipment Co. v. Southern Pacific Trans.*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself."); *see also Smith v. Dep't of Corrections*, 314 Or App 1, 3-4, 496 P3d 1073 (2021) (citing *Beall Transport Equipment Co.* and stating, "[i]n sum, because plaintiff's arguments fail to grapple with the statutory provisions governing waiver of fees for adults in custody who bring civil actions against public bodies, his arguments are insufficiently developed for us to address them"). Accordingly, we affirm the trial court's dismissal of plaintiff's claim under *former* ORCP 21 A(8).

Affirmed.