Argued and submitted June 9, petition for judicial review dismissed
November 4, 2009

PUBLIC UTILITY COMMISSION OF OREGON,
*Respondent,*

*v.*

VCI COMPANY,
fka Stan Efferding;
Stanley Johnson, dba Vilaire;
and VCI Company,
a Washington corporation,
*Petitioners.*

Public Utility Commission of Oregon
UM1288; A137897

220 P3d 745

William J. Ohle argued the cause for petitioners. With him on the brief was Schwabe, Williamson & Wyatt, P.C.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ROSENBLUM, J.

**ROSENBLUM, J.**

Defendants petition for judicial review of a final order finding them to be in default and to be liable to the Public Utility Commission of Oregon (PUC) in the amount of $203,391.97. The PUC entered the order after determining that defendants were in default due to their failure to timely respond to the PUC's complaint. Defendants assign error to both the PUC's decision to enter the order and to what they characterize as its denial of their subsequent "motion to set aside default." The PUC argues that we should dismiss defendants' petition for judicial review as untimely. We dismiss the petition for two reasons: (1) The petition is untimely with respect to judicial review of the default order in that it was not filed within 60 days of service of that order on defendants and that period was not extended by defendants' filing of their "motion to set aside default." (2) As of the date this petition for judicial review was filed, the PUC had not ruled on, much less denied, defendants' "motion to set aside default" and that motion was not deemed denied by operation of law; consequently, there was no reviewable disposition of that matter.

On September 26, 2007, the PUC entered the order referred to above. On September 28, 2007, defendants filed a "motion to set aside default." The PUC did not act on that motion. On January 23, 2008, 117 days later, defendants filed their petition for judicial review.

The PUC argues, pursuant to ORS 183.482(1),[1] that the petition for judicial review is untimely because it was

---

[1] ORS 183.482(1) provides:

"Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals. Proceedings for review shall be instituted by filing a petition in the Court of Appeals. The petition shall be filed within 60 days only following the date the order upon which the petition is based is served unless otherwise provided by statute. If a petition for rehearing has been filed, then the petition for review shall be filed within 60 days only following the date the order denying the petition for rehearing is served. If the agency does not otherwise act, a petition for rehearing or reconsideration shall be deemed denied the 60th day following the date the petition was filed, and in such cases, petition for judicial review shall be filed within 60 days only following such date. Date of service shall be the date on which the agency delivered or mailed its order in accordance with ORS 183.470."

filed more than 60 days after the order. In response, defendants assert that their set-aside motion is the legal equivalent of a petition for reconsideration, thereby implicating the "deemed denied" provision of ORS 183.482(1). The timing of the filing of defendants' petition for judicial review is such that, if defendants are correct, their petition for judicial review would be timely because ORS 183.482(1) provides for a new 60-day filing period following the denial of a petition for reconsideration. A petition for reconsideration is deemed denied on the sixtieth day after it is filed if the agency does not otherwise act on it. *Id.* As previously noted, the PUC failed to act on defendants' motion.

The problem with defendants' assertion is that a motion to set aside a final order of default and a petition for reconsideration are not legal equivalents in several pertinent respects. First, the statutory and regulatory bases for the two are distinct: ORS 756.561[2] and OAR 860-014-0095[3] allow a

---

[2] ORS 756.561 provides, in relevant part:

"(1) After an order has been made by the Public Utility Commission in any proceeding, any party thereto may apply for rehearing or reconsideration thereof within 60 days from the date of service of such order. The commission may grant such a rehearing or reconsideration if sufficient reason therefor is made to appear.

"* * * * *

"(3) If a rehearing is granted, the proceedings thereupon shall conform as nearly as possible to the proceedings in an original hearing, except as the commission otherwise may direct. If in the judgment of the commission, after such rehearing and consideration of all facts, including those arising since the former hearing, the original order is in any respect unjust or unwarranted, the commission may reverse, change, or modify the same accordingly. Any order made after such rehearing, reversing, changing, or modifying the original determination is subject to the same provisions as an original order."

[3] OAR 860-014-0095 provides, in part:

"(1) Within 60 days from the date of service of an order entered by the Commission, a party may file an application for rehearing or reconsideration of such order as provided by ORS 756.561. The application shall set forth all grounds for rehearing or reconsideration.

"(2) The application shall specify:

"(a) The portion of the challenged order which the applicant contends is erroneous or incomplete;

"(b) The portion of the record, laws, rules, or policy of the Commission relied upon to support the application;

"(c) The change in the order which the Commission is requested to make;

"(d) How the applicant's requested changes in the order will alter the outcome; and

party to file a petition for reconsideration of an order entered by the PUC; OAR 860-013-0055[4] allows a party to file a motion to set aside a final order of default. Second, the legal standard governing a motion to set aside a final order of default differs from the standard governing a petition for reconsideration. OAR 860-013-0055(2) provides that a motion to set aside a final order of default may be granted where a party's default was due to "mistake, inadvertence, surprise, excusable neglect, or other good cause." In contrast, OAR 860-014-0095(3)(a) - (d) provides that a petition for reconsideration may be granted where there is "[n]ew evidence," a "change in the law," "[a]n error of law or fact in the

---

"(e) One or more of the grounds for rehearing or reconsideration set forth under section (3) of this rule.

"(3) The Commission may grant an application for rehearing or reconsideration if the applicant shows that there is:

"(a) New evidence which is essential to the decision and which was unavailable and not reasonably discoverable before issuance of the order;

"(b) A change in the law or agency policy since the date the order was issued, relating to a matter essential to the decision;

"(c) An error of law or fact in the order which is essential to the decision; or

"(d) Good cause for further examination of a matter essential to the decision.

"* * * * *

"(6) The application is deemed denied if, by the sixtieth day after filing, the Commission has not issued an order granting the application. If the application is granted, the Commission may adhere to, modify, or rescind its prior order or take such other action as it may deem appropriate."

[4] OAR 860-013-0055 provides:

"(1) If a party fails to plead or otherwise appear within the time specified in OAR 860-013-0050, the party shall be in default. All material allegations of the complaint shall be deemed admitted and hearing waived. The proceeding may be disposed of without further notice to the defaulting party.

"(2) A defaulted party may file a motion to set aside a final order of default as follows:

"(a) A motion to set aside a final order upon default must be filed within 60 days from the date of service of the order. The motion must be served as provided in OAR 860-013-0070. The Commission may grant the motion if the moving party shows the default resulted from mistake, inadvertence, surprise, excusable neglect, or other good cause.

"(b) A motion made under this rule must be accompanied by a pleading or motion which contains an assertion of a claim or defense.

"(c) The filing of a motion under this rule does not excuse the defaulted party from complying with the order nor is the enforcement of the order stayed or postponed, except upon Commission order."

order," or "[g]ood cause * * *." Third, we note both that, in their presentation to the PUC, defendants consistently characterized their motion as a "motion to set aside default" and that their motion did not comply with the requirements specified for a petition for reconsideration, as provided by OAR 860-014-0095(2) and (3).

We conclude that defendants' motion to set aside the order did not modify the 60-day deadline for filing a petition for judicial review of that order. Because the petition was untimely, we lack jurisdiction to review the merits of the PUC's order finding defendants to be in default and liable to the PUC in the amount of $203,391.97. *See Ososke v. DMV*, 320 Or 657, 661, 891 P2d 633 (1995) ("[T]he untimely filing of a petition for review of a final order of DMV [pursuant to ORS 183.482(1)] is a jurisdictional defect.").

We now turn to the other matter that defendants challenge: the PUC's "denial" (in defendants' words) of their motion to set aside the default order. The problem with that contention is that, at least as of the time this petition was filed, the PUC had never acted on, much less denied, that motion; nor was that motion deemed denied by operation of law. Thus, there was no disposition that was subject to judicial review under ORS 183.482.

We reiterate that defendants' "motion to set aside default" was not a petition for reconsideration. Unlike ORS 756.561 and OAR 860-014-0095, which provide for a 60-day "deemed denied" cut-off (functionally analogous to the 55-day "deemed denied" provision in civil practice for motions for JNOV under ORCP 63 D(1) and motions for new trial pursuant to ORCP 64 F(1)), there is no "deemed denied" provision in OAR 860-013-0055, which governs motions to set aside a final order of default (just as there is no such provision in ORCP 71). As noted, the PUC never ruled on defendants' "motion to set aside default," so there was never any denial of that motion. There was therefore no reviewable disposition of that matter.

Petition for judicial review dismissed.