On petition for review filed September 1, 2010,* petition for review allowed in part; decision of Court of Appeals vacated in part, and case remanded to Court of Appeals with instructions to dismiss defendant's appeal from supplemental judgment for lack of jurisdiction April 7, 2011
See 244 Or App 570, 261 P3d 1263 (2011)

STATE OF OREGON,
*Respondent on Review,*

*v.*

TOMI SUE FOWLER,
*Petitioner on Review.*

(CC 07-08-8861C1; CA A140410; SC S058769)

252 P3d 302

Jeff J. Payne, Assistant Attorney General, Salem, filed the response for respondent on review. With him on the response were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Durham, Balmer, Kistler, Walters, Linder, and Landau, Justices.**

* Appeal from Malheur County Circuit Court, Patricia Sullivan, Judge. 236 Or App 239, 236 P3d 153 (2010).

** Gillette, J., retired December 31, 2010, and did not participate in the decision of this case.

KISTLER, J.

**KISTLER, J.**

Defendant has petitioned for review of a Court of Appeals decision that affirmed without opinion two judgments entered by the trial court—a general judgment and a supplemental judgment. For the reasons that follow, we allow the petition for review in part,[1] vacate the Court of Appeals decision in part, and remand the case to the Court of Appeals with instructions to dismiss defendant's appeal of the supplemental judgment for lack of jurisdiction.

The facts pertinent to our disposition of this case are procedural. On September 18, 2008, a jury convicted defendant by a 10-to-2 vote of manufacturing marijuana and by an 11-to-1 vote of supplying contraband. At a sentencing hearing on October 8, 2008, the trial court sentenced defendant to 20 days in jail and 24 months of supervised probation. During that hearing, the state asked the trial court to order defendant to pay $9,731.25 for the costs that the state had incurred in transporting a witness to defendant's criminal trial. The trial court declined to do so at that time. Instead, the trial court entered a general judgment of conviction against defendant that day and set a hearing two weeks later, on October 22, 2008, to address the state's claimed witness transportation costs.[2]

At the October 22, 2008, hearing, the trial court determined that it would order defendant to pay some, but not all, of the state's witness transportation costs. Accordingly, it limited the award to $4,938.70. At the conclusion of the October 22 hearing, the trial court told defendant that the order to pay the transportation costs would "be added in an amended judgment" and that "now that we're finished with this, now your appeal time will start to run." Just before the hearing adjourned, defendant's trial counsel asked her, "[D]o you understand what the judge said, that your appeal

---

[1] We allow defendant's petition for review to the extent that she challenges the Court of Appeals decision affirming the supplemental judgment.

[2] At the October 8 sentencing hearing, the state characterized the costs it sought to recover as restitution. Later, the state jettisoned its restitution argument and instead requested that the court order defendant to pay those costs as "expenses specially incurred by the state in prosecuting the defendant" under ORS 161.665(1).

time period, the 30 days to appeal your sentence, starts from today?" Defendant responded, "Yes." Two days later, on October 24, 2008, the trial court entered a supplemental judgment ordering defendant to pay the witness transportation costs.[3]

On November 4, 2008, defendant filed a notice of appeal that identified "the judgment entered on October 8, 2008," as the judgment that she sought to appeal. The notice of appeal did not mention the later October 24, 2008, supplemental judgment. More than one month later, on December 16, 2008, defendant filed an amended notice of appeal that specified that defendant also sought to appeal "the amended judgment entered on October 24, 2008."[4]

On appeal, defendant raised two issues. First, she argued that the two non-unanimous jury verdicts violated her Sixth Amendment right to a unanimous jury. The trial court's ruling accepting those verdicts was encompassed within the general judgment from which defendant had filed a timely notice of appeal on November 4, 2008. Second, defendant argued that the trial court's imposition of witness transportation costs violated her right of confrontation under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. That ruling was encompassed within the supplemental judgment from which defendant had filed a notice of appeal on December 16, 2008. The Court of Appeals affirmed both the trial court's judgment and its supplemental judgment without opinion.

Defendant has filed a petition for review, in which she raises the same issues that she raised in the Court of

---

[3] Although the trial court referred to the judgment as "an amended judgment" in its remarks from the bench, the court correctly labeled the judgment that it entered a "supplemental judgment." *See* ORS 137.071(2) (providing that, among other things, "[a] judgment document in a criminal action must comply with ORS 18.038"); ORS 18.038 (providing that, among other things, a judgment document must indicate whether it is a general or a supplemental judgment).

[4] ORAP 8.28(2)(a) provides that a party in a criminal action may file an "amended notice of appeal within the time and in the manner prescribed in ORS chapter 138" from a corrected or supplemental judgment. There may be some tension between ORAP 8.28, which authorizes filing an amended notice of appeal from a supplemental judgment, and ORS chapter 138, which appears to contemplate filing a separate notice of appeal from a supplemental judgment. We need not resolve that tension, however, to decide this case.

Appeals. The second issue presents a question that this court reserved in *State v. Ferman-Velasco*, 333 Or 422, 445 n 17, 41 P3d 404 (2002). In deciding whether to allow defendant's petition for review to address that issue, we first consider whether either defendant's notice of appeal or her amended notice of appeal gave the Court of Appeals jurisdiction to review the trial court's ruling ordering defendant to pay the witness transportation costs. We asked the parties to file memoranda addressing that question and, having considered their responses, now conclude that the Court of Appeals lacked jurisdiction over defendant's appeal from the supplemental judgment.

A notice of appeal in a criminal case must conform to several statutory requirements. *See, e.g.*, ORS 138.081(1) (setting forth service and filing requirements); ORS 19.250 (describing what a notice of appeal should contain).[5] Not all those requirements are jurisdictional. At least two are, however. First, a defendant must serve and file the notice of appeal within 30 days after the trial court enters the judgment that the defendant seeks to appeal. ORS 138.071(1); *cf. State v. Harding*, 347 Or 368, 373, 223 P3d 1029 (2009) (the Court of Appeals lacks jurisdiction over the trial court's judgment when the defendant does not file a timely notice of appeal). Second, the notice of appeal must specify the judgment from which the appeal is taken. *See Zacker v. North Tillamook County Hospital Dist.*, 312 Or 330, 333, 822 P2d 1143 (1991) (" 'If anything within the notice of appeal is jurisdictional, * * * it must be a description of what action of the trial court is appealed from,' " quoting *Stahl v. Krasowski*, 281 Or 33, 39, 573 P2d 309 (1978)).[6]

---

[5] ORS chapter 138 governs criminal appeals and incorporates certain provisions of ORS chapter 19, which governs appeals generally. *See* ORS 138.185(2) (setting forth provisions in ORS chapter 19 that apply to criminal appeals). As pertinent to this case, the following provisions of ORS chapter 19 apply to criminal appeals: ORS 19.250 (governing the contents of the notice of appeal), ORS 19.270(2) (describing statutory requirements that are jurisdictional and that may not be waived), and ORS 19.425 (providing for appellate review of intermediate orders affecting a judgment). *See* ORS 138.185(2).

[6] This court's decision in *Stahl* interpreted a predecessor statute to ORS 19.270(2), which conditioned appellate jurisdiction on the identification in the notice of appeal of the specific judgment that the appellant sought to appeal. 281 Or at 38-39. In 1985, after this court had decided *Stahl*, the legislature amended the predecessor to ORS 19.270(2), which this court had interpreted in *Stahl*. *See* Or

With those principles in mind, we turn to the notices of appeal at issue in this case. As noted, the trial court entered the general judgment on October 8, 2008. Given the 30-day time limitation, defendant had until November 7, 2008, to appeal that judgment. Defendant filed a notice of appeal on November 4, 2008, which identified "the judgment entered on October 8, 2008," as the judgment that defendant sought to appeal. Thus, defendant timely appealed the general judgment. Having acquired jurisdiction over the general judgment, the Court of Appeals could review the trial court's intermediate orders affecting that judgment, one of which was its ruling accepting the jury's nonunanimous guilty verdicts. *See* ORS 19.425 (permitting appellate review of "any intermediate order involving the merits or necessarily affecting the judgment appealed from"); *see also Snider v. Production Chemical Manufacturing, Inc.*, 348 Or 257, 264, 230 P3d 1 (2010) (noting the same).

Defendant took a different course in appealing the supplemental judgment. The trial court entered that judgment on October 24, 2008, and, accordingly, defendant had until November 23, 2008, to file a notice of appeal from the supplemental judgment. Nothing in defendant's November 4, 2008, notice of appeal indicated that defendant intended to appeal that judgment. Instead, defendant waited until December 16, 2008, to express that intention. Her amended notice of appeal came 53 days after the trial court had entered the supplemental judgment and thus 23 days after the 30-day statutory deadline had passed. As a consequence, neither the notice of appeal nor the amended notice of appeal gave the Court of Appeals jurisdiction over the supplemental judgment. And, because the trial court's decision to impose witness transportation costs was encompassed within that judgment, defendant's challenge to that ruling of the trial court was never properly before the Court of Appeals.

In her memorandum filed in response to this court's letter, defendant invites us to reach a different result and suggests two bases for doing so. First, defendant suggests

Laws 1985, ch 734, § 5(2). In *Zacker*, the court noted that nothing in the legislative history of those amendments indicated that the legislature intended to repeal this court's holding in *Stahl*, and the court reaffirmed the continuing validity of that holding. 312 Or at 336.

that, because her initial appellate counsel[7] did not become aware of the supplemental judgment until December 8, 2008, the 30 days in which defendant could file a timely notice of appeal should be measured from that date under ORS 138.071(4), which permits a defendant to appeal "a supplemental judgment under ORS 138.083 * * * not later than 30 days after the defendant receives notice that the judgment has been entered."

Defendant's argument fails for at least two reasons. First, neither defendant nor the state invoked ORS 138.083 at the October 22 hearing, and the trial court did not purport to act pursuant to that provision in entering the supplemental judgment. Thus, nothing in the record indicates that the supplemental judgment in this case is "a supplemental judgment under ORS 138.083." Second, even if the trial court had acted pursuant to ORS 138.083 and ORS 138.071(4) did apply, the latter statute still affords defendant no relief. The trial court notified both defendant and her trial counsel at the October 22 hearing that it would impose the witness transportation costs in a supplemental judgment. In the absence of circumstances not present in this case, defendant's failure to check the status of that judgment does not excuse her subsequent failure to file a timely notice of appeal from the supplemental judgment. *Cf. State v. Ainsworth*, 346 Or 524, 534, 213 P3d 1225 (2009) (noting that a party's decision to rely on the mistaken advice of counsel or a court clerk "rather than check the record personally at a time when doing so would reveal the true status of the judgment" did not excuse an untimely filing).

Defendant also has asked for leave to file a late notice of appeal pursuant to ORS 138.071(5). That subsection permits a late notice of appeal in criminal actions if (1) the request to file the late notice of appeal is "filed no later than 90 days after entry of the order or judgment being appealed," (2) the defendant shows, by clear and convincing evidence, that the "failure to file a timely notice of appeal is not attributable to the defendant personally," and (3) the defendant shows a colorable claim of error. ORS 138.071(5)(a), (c).

---

[7] Defendant's counsel on review is not the counsel who filed the untimely amended notice of appeal.

Defendant's motion to file a late notice of appeal comes almost two years after entry of the supplemental judgment and is thus too late.

Because defendant did not file a timely notice of appeal from the supplemental judgment, her second assignment of error challenging the trial court's ruling that she pay certain witness transportation costs was not properly before the Court of Appeals. The Court of Appeals should have dismissed defendant's appeal from the supplemental judgment for lack of jurisdiction.

The petition for review is allowed in part. The decision of the Court of Appeals is vacated in part, and the case is remanded to the Court of Appeals with instructions to dismiss defendant's appeal from the supplemental judgment for lack of jurisdiction.