Argued and submitted June 8, appeal from the supplemental judgment dismissed for lack of jurisdiction; otherwise affirmed September 21, 2011, petition for review allowed February 9, 2012 (351 Or 586)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL LEE MULLINS,
*Defendant-Appellant.*

Jackson County Circuit Court
085207AFE; A141529

263 P3d 370

Mary M. Reese, Senior Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael L. Mullins filed the supplemental brief *pro se.*

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Gillette, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted of second-degree assault and third-degree assault, argues on appeal that the trial court erred in entering a supplemental judgment ordering restitution without first allowing defendant to be heard. ORS 137.106(5).[1] As explained below, we conclude that defendant's failure to file a timely notice of appeal from the supplemental judgment precludes our consideration of his assignment of error pertaining to restitution. Accordingly, we dismiss defendant's appeal from the supplemental judgment for lack of jurisdiction, *see State v. Fowler*, 350 Or 133, 252 P3d 302 (2011), and otherwise affirm.

The facts pertinent to our disposition are all procedural. The judgment of conviction in this case was entered on February 5, 2009. That judgment provided that defendant would be required to pay restitution "in an amount to be determined." Defendant timely filed a notice of appeal from that judgment on March 9. The trial court subsequently entered a supplemental judgment imposing restitution on July 10. That judgment was served on defendant's trial counsel. On March 23, 2010, defendant's appellate counsel filed a notice of appeal from the supplemental judgment imposing restitution, asserting that it was timely because "[a]ppellate counsel discovered the existence of the [supplemental] judgment on March 23, 2010."

In his opening brief on appeal, defendant challenges only the imposition of restitution. In its response, the state argues that this court lacks jurisdiction to consider defendant's sole assignment of error because he failed to timely file a notice of appeal from the supplemental judgment as required by ORS 138.071. In reply, defendant asserts that the notice of appeal was timely under ORS 138.071(4), because it was filed within 30 days after his appellate counsel received notice of the judgment. Defendant also notes that this court's Appellate Commissioner entered an order to that effect in the case of a codefendant, *State v. Bennett* (A141528). As explained below, we conclude that the Oregon

---

[1] In a *pro se* supplemental brief, defendant raises several issues that we reject without discussion.

Supreme Court's recent decision in *Fowler* is directly on point. Accordingly, we dismiss defendant's appeal from the supplemental judgment for lack of jurisdiction.

ORS 138.071 provides, in pertinent part:

"(1)  Except as provided in this section, a notice of appeal must be served and filed not later than 30 days after the judgment or order appealed from was entered in the register.

"* * * * *

"(4)  If the trial court enters a corrected or a supplemental judgment under ORS 138.083, a notice of appeal from the corrected or supplemental judgment must be filed not later than 30 days after the defendant receives notice that the judgment has been entered."

Under those provisions, a defendant generally must file a notice of appeal within 30 days after entry of a judgment, or, if the judgment is a "corrected or a supplemental judgment under ORS 138.083," within 30 days "after the defendant receives notice that the judgment has been entered." ORS 138.071(1), (4).[2] Defendant argues that his appeal from the supplemental judgment in this case is timely under ORS 138.071(4), because the phrase "not later than 30 days after the defendant receives notice that the judgment has been entered" refers not to defendant personally or to defendant's trial counsel, but to defendant's appellate counsel.

We conclude that defendant's argument is foreclosed by *Fowler*. In *Fowler*, as in this case, the defendant timely appealed a general judgment of conviction, but failed to file a timely notice of appeal from a supplemental judgment imposing a monetary obligation. 350 Or at 138. In that case, as in this one, the defendant relied on that portion of ORS 138.071(4) that provides that a defendant is permitted to appeal "a supplemental judgment under ORS 138.083 * * * not later than 30 days after the defendant receives notice that the judgment has been entered." *Id.* at 139 (quoting ORS 138.071(4)). In rejecting that argument, the court first noted that "nothing in the record indicates that the supplemental

---

[2] Under certain circumstances, ORS 138.071(5) allows for 90 days, rather than 30 days, but defendant does not raise any issues under subsection (5) in this case.

judgment in this case is a 'supplemental judgment under ORS 138.083.' " *Id.* In addition, the court went on to hold:

> "Second, even if the trial court had acted pursuant to ORS 138.083 and ORS 138.071(4) did apply, the latter statute still affords defendant no relief. The trial court notified both defendant and her trial counsel at the October 22 hearing that it would impose the [disputed costs] in a supplemental judgment. In the absence of circumstances not present in this case, defendant's failure to check the status of that judgment does not excuse her subsequent failure to file a timely notice of appeal from the supplemental judgment. *Cf. State v. Ainsworth*, 346 Or 524, 534, 213 P3d 1225 (2009) (noting that a party's decision to rely on the mistaken advice of counsel or a court clerk 'rather than check the record personally at a time when doing so would reveal the true status of the judgment' did not excuse an untimely filing.')"

*Id.*

In arguing that *Fowler*'s holding does not apply in the present case, defendant relies solely on the reasoning set out by the Appellate Commissioner in his order in *Bennett* (A141528), mentioned above. In *Bennett*, the commissioner began by noting that the supplemental judgment that imposed restitution was, for purposes of ORS 138.071(4), "a supplemental judgment under ORS 138.083." We agree.[3] The commissioner in *Bennett* went on to conclude that *Bennett* (which was in the same posture as this case) is distinguishable from *Fowler*. In particular, the commissioner opined that the essential holding in *Fowler* was the court's conclusion that ORS 138.083 was not implicated in that case and that the court's second statement that, if "ORS 138.071(4) did apply, the latter statute still affords defendant no relief," was merely *dictum* and not binding. Then, relying on the legislative history of ORS 138.071, the commissioner concluded that, given the interplay between ORS 138.071 and ORS 138.083, the legislature would have intended for the 30-day

---

[3] ORS 138.083(2)(b) specifically authorizes a court "to enter a supplemental judgment to specify the amount and terms of restitution." (To be completely accurate, we note that the supplemental judgment at issue in *Fowler*, although imposing a monetary obligation, did not impose *restitution*, and thus, as the Supreme Court noted, 350 Or at 139, did not, strictly speaking, fall within the ambit of ORS 138.083(2).)

time period to commence when appellate counsel received actual notice of the supplemental judgment.

With due respect to the Appellate Commissioner— and legislative history aside—we conclude that this case is controlled by *Fowler*. *Dictum* is a statement by a court that is "in no way essential to the determination of the precise question before" the court. *Blacknall v. Board of Parole*, 223 Or App 294, 300, 196 P3d 20 (2008). By contrast, when a court gives two independent reasons for reaching a result on the precise question before it, the mere existence of more than one reason for reaching that result does not necessarily mean that one of those reasons can or should be treated as *dictum*. That is especially true where, as in *Fowler*, the court made a considerable effort to set out its analysis and independent conclusion under ORS 138.071(4).

In short, although we respect the Appellate Commissioner's analysis of the question whether ORS 138.071(4) should afford defendant relief in these circumstances, we follow the Supreme Court's conclusion in *Fowler* that it does not.

Appeal from the supplemental judgment dismissed for lack of jurisdiction; otherwise affirmed.