264 P.3d 1291 (2011)
346 Or. App. 329
STATE of Oregon, Plaintiff-Respondent,
v.
Titus Albert WHITE, Defendant-Appellant.
093166MI; A144392.
Court of Appeals of Oregon.
Argued and Submitted August 31, 2011.
Decided November 2, 2011.
*1292 Marc D. Brown argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.
Cecil A. Reniche-Smith argued the cause for respondent. With her on the brief was John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.
Before ORTEGA, Presiding Judge, and BREWER, Chief Judge, and SERCOMBE, Judge.[*]
BREWER, C.J.
Defendant, who was convicted of fourth-degree assault, ORS 163.160, and harassment, ORS 166.065, argues on appeal that the trial court committed plain error in imposing restitution and asks this court to "vacate the restitution order." The state responds that the trial court properly imposed restitution, and it also argues that, in light of the Supreme Court's decision in State v. Fowler, 350 Or. 133, 252 P.3d 302 (2011), this court lacks jurisdiction to consider defendant's argument because defendant failed to timely appeal from the supplemental judgment imposing restitution. As explained below, we agree with the state, and therefore dismiss the appeal from the supplemental judgment for lack of jurisdiction and otherwise affirm.
The pertinent facts are all procedural. The trial court entered a judgment of conviction on December 10, 2009, that contained a monetary award of various costs and fees, none of which are at issue on appeal. Citing ORS 137.106, the judgment further provided that, as a condition of probation, defendant would be required to pay restitution in an amount "to be determined." Defendant timely appealed from that judgment. On February 24, 2010, the trial court entered a supplemental judgment imposing restitution. On July 14, 2010, defendant filed an amended notice of appeal from the February 24 judgment, asserting that, because appellate counsel became aware of the supplemental judgment on June 30, 2010, the notice of appeal was timely filed under ORS 138.071(4).[1]
In Fowler, the court rejected an argument that an appeal from a supplemental judgment was timely under ORS 138.071(4) because it was filed within 30 days of when appellate counsel (rather than trial counsel and the defendant herself) received notice that the judgment had been entered. The court's conclusion in Fowler applies to supplemental judgments imposing restitution. State v. Mullins, 245 Or.App. 505, 263 P.3d 370 (2011).
In light of the holdings in Fowler and Mullins, defendant's appeal from the supplemental judgment in this case was untimely. Defendant makes several arguments in support of his position that this court has jurisdiction, two of which we address below. We reject defendant's remaining arguments without discussion. First, defendant has suggested that his appeal from the general judgment of conviction sufficed to place the *1293 restitution issue properly before this court, because that judgment, although not imposing restitution, stated that defendant would be required to pay restitution in an amount to be determined as a condition of probation. That argument requires only brief discussion. ORS 138.240 provides that we "may reverse, affirm or modify the judgment or order appealed from." As noted above, in this case, defendant seeks relief from the supplemental judgment of restitution, which was not the judgment of conviction from which he timely appealed. See generally State v. Robinson, 158 Or.App. 494, 498, 974 P.2d 713 (1999) (rejecting contention that an unappealed subsequent order entered by the trial court could be "set aside" by this court, noting that "we are limited under ORS 138.240 to actions taken on orders `appealed from'").
Second, defendant suggests that Fowler is limited to a very narrow set of facts and applies only in cases in which the record demonstrates that the trial court told a defendant that an amended judgment would be entered and, according to defendant, "the fact that a supplemental judgment would be issued was a certainty." We question defendant's assertion that the present case is factually distinguishable in that respect because, as explained above, the initial judgment indicated that defendant "shall" pay restitution in an amount to be determined and referenced ORS 137.106, which, in turn, specifies the procedures by which a court goes about determining restitution and entering a supplemental judgment.[2] Most of defendant's arguments along these lines are that, in the normal course, criminal defense counsel receives unsigned copies of restitution judgments before their entry, but in order to determine the actual date of entry, counsel must check with the court or access the court's computerized database. We conclude, however, that that is not something that distinguishes this case from Fowler, but rather is, in essence, the same as one of the arguments the court rejected in Fowler. See 350 Or. at 139, 252 P.3d 302 ("The trial court notified both defendant and her trial counsel at the * * * hearing that it would impose * * * costs in a supplemental judgment. In the absence of circumstances not present in this case, defendant's failure to check the status of the judgment does not excuse her subsequent failure to file a timely notice of appeal from the supplemental judgment.").
Appeal from supplemental judgment imposing restitution dismissed for lack of jurisdiction; otherwise affirmed.
NOTES
[*] Brewer, C.J., vice Rosenblum, S.J.
[1] ORS 138.071 provides, in pertinent part:

"(1) Except as provided in this section, a notice of appeal must be served and filed not later than 30 days after the judgment or order appealed from was entered in the register.
"* * * * *
"(4) If the trial court enters a corrected or a supplemental judgment under ORS 138.083, a notice of appeal from the corrected or supplemental judgment must be filed not later than 30 days after the defendant receives notice that the judgment has been entered."
[2] Moreover, the trial court orally explained to defendant at sentencing that he would be required to pay restitution in an amount to be determined within 90 days.