Filed: August 23, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

STATE OF OREGON,

Respondent on Review,

v.

MICHAEL LEE MULLINS,

Petitioner on Review.

(CC 085207AFE; CA A141529; SC S059833)

En Banc

On review from the Court of Appeals.*

Argued and submitted June 13, 2012.

Mary M. Reese, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief was Peter Gartlan, Chief Defender.

Paul L. Smith, Attorney-in-Charge, Salem, argued the cause and filed the brief for respondent on review. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

WALTERS, J.

The decision of the Court of Appeals is affirmed. The judgment of conviction and sentence and the supplemental judgment for restitution entered by the circuit court are affirmed.

*Appeal from Jackson County Circuit Court, Lisa C. Greif, Judge. 245 Or App 505, 263 P3d 370 (2011).

WALTERS, J.

In this criminal case, we must determine whether defendant filed his notice of appeal from a supplemental judgment awarding restitution within the time allowed by ORS 138.071(4), which requires that the notice of appeal be filed not later than 30 days after "the defendant receives notice that the judgment has been entered." The Court of Appeals concluded that defendant's notice of appeal from the supplemental judgment was untimely and dismissed that appeal for lack of jurisdiction. *State v. Mullins*, 245 Or App 505, 263 P3d 370 (2011).[1] For the reasons set out in this opinion, we too conclude that defendant's notice of appeal was not timely filed, and we therefore affirm the decision of the Court of Appeals.

The procedural facts are as follows. Defendant was charged in December 2008 with second- and third-degree assault, and was represented by trial counsel. In early February 2009, a jury found defendant guilty on both charges. That same day, the trial court entered a judgment of conviction and sentence, which included an instruction that defendant pay restitution "in an amount to be determined as ordered and pursuant to ORS 137.106[(1)](b)."[2] In March 2009, defendant, with the assistance of different

---

[1] The Court of Appeals also rejected without discussion issues relating to the underlying judgment of conviction and sentence that defendant raised in a *pro se* supplemental brief in that court; the court affirmed that underlying judgment. *Mullins*, 245 Or App at 507, 507 n 1. In this court, defendant does not challenge the decision of the Court of Appeals affirming the judgment of conviction and sentence; instead, he requests that this court reverse the Court of Appeals' jurisdictional ruling as to the supplemental judgment and remand to that court for consideration of his challenge to the merits of the supplemental judgment.

[2] ORS 137.106(1)(b) provides, in part, that a judgment may include:

1

appellate counsel, filed a timely notice of appeal from the judgment of conviction and sentence.[3] At that time, defendant's trial counsel continued to represent defendant on post-judgment matters to be decided in the trial court, including matters relating to the amount of restitution that defendant would be required to pay.

On July 9, 2009, the state moved for an "amended" judgment and money award, and sought $2,603.70 in restitution. That same day, without conducting a hearing,[4] the trial court signed a "Judgment for Restitution" that ordered defendant to pay the amount requested. On July 10, the trial court entered that supplemental judgment in the register. Neither defendant, his trial counsel, nor his appellate counsel received notice of entry of the supplemental judgment at that time. However, the parties agree that, at least by November 20, 2009, defendant's trial counsel -- but not his appellate counsel -- in

---

"A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause."

[3] Under ORS 138.071(1), the notice of appeal from the judgment of conviction and sentence was due "not later than 30 days after the judgment or order appealed from was entered in the register."

[4] Nothing in this opinion should be construed to sanction the procedure that the trial court used -- that is, entry of a supplemental judgment awarding restitution without first conducting a hearing. *See* ORS 137.106(5) (requiring court to allow a defendant "to be heard" if the defendant objects to imposition, amount, or distribution of restitution). As noted below, the trial court's failure to conduct a hearing was the basis for defendant's challenge to the supplemental judgment on the merits, and we do not reach that challenge here.

2

fact had received notice of entry of the supplemental judgment.[5] On and after that date, trial counsel continued to serve as defendant's trial court attorney of record (no formal notice of withdrawal appears in the record).

On March 23, 2010, more than eight months after entry of the supplemental judgment and approximately four months after defendant's trial counsel received notice of entry of the supplemental judgment, defendant's appellate counsel learned of entry of that judgment and filed an amended notice of appeal from it. In his opening brief on appeal, defendant assigned error to the trial court's entry of the supplemental judgment without providing defendant with an opportunity to be heard. *See* ORS 137.106(5) (requiring court to allow a defendant "to be heard" if the defendant objects to imposition, amount, or distribution of restitution). In response, the state contended that the Court of Appeals did not have jurisdiction to consider defendant's claim of error, because defendant's amended notice of appeal was untimely under ORS 138.071(4).

The Court of Appeals affirmed defendant's judgment of conviction and sentence, but dismissed his appeal from the supplemental judgment awarding restitution, concluding -- as the state argued -- that it lacked jurisdiction because defendant's appeal from the supplemental judgment was untimely under ORS 138.071(4). *Mullins*, 245 Or

---

[5] In August 2009, defendant's codefendant had requested a hearing on the amount of restitution that he would be required to pay, and the trial court scheduled a hearing for November 23, 2009, with notice to both the codefendant and defendant. On November 20, defendant's trial counsel moved to continue the hearing, which later was rescheduled to March 1, 2010. The parties agree that, as of the date of the motion to continue filed on November 20, 2009, defendant's trial counsel had received notice of the supplemental judgment entered in defendant's case.

3

App at 507, 510. The court relied on this court's then-recent decision in *State v. Fowler*, 350 Or 133, 252 P3d 302 (2011), which we discuss in detail later in this opinion. We allowed defendant's petition for review.

Ordinarily, a notice of appeal must be filed and served "not later than 30 days after the judgment or order appealed from was entered in the register." ORS 138.071(1). However, ORS 138.071(4) sets out an exception to that rule, and it is that exception that is at issue in this case. That exception applies to appeals from certain corrected, modified, or supplemental judgments -- including a supplemental judgment that determines the amount and terms of restitution ordered in a previous judgment -- and provides:

> "If the trial court enters a corrected or a supplemental judgment under ORS 138.083,[6] a notice of appeal from the corrected or

---

[6] ORS 138.083 grants a trial court post-judgment jurisdiction to (1) modify a judgment or sentence to correct any arithmetic or clerical errors; (2) delete or modify any erroneous term in a judgment; or (3) determine the amount of restitution previously ordered, through entry of a supplemental judgment. As to restitution, ORS 138.083(2) provides:

> "(a) A judgment that orders payment of restitution but does not specify the amount of restitution imposed is final for the purpose of appealing the judgment.

> "(b) Notwithstanding the filing of a notice of appeal, the sentencing court retains authority to determine the amount of restitution and to enter a supplemental judgment to specify the amount and terms of restitution.

> "(c) If a sentencing court enters a supplemental judgment under this subsection while an appeal of the judgment of conviction is pending, the court shall immediately forward a copy of the supplemental judgment to the appellate court. Any modification of the appeal necessitated by the supplemental judgment may be made in the manner specified by rules adopted by the appellate court."

4

> supplemental judgment must be filed not later than 30 days *after the defendant receives notice that the judgment has been entered*."

(Emphasis added.)

The parties' dispute centers on the emphasized wording of ORS 138.071(4). Defendant's argument is composed of two parts. First, defendant asserts that, for the 30-day appeal period to begin to run, a defendant must receive actual notice that a supplemental judgment under ORS 138.083 has been entered in the register. Second, defendant contends that, in requiring that "the defendant" receive actual notice, ORS 138.071(4) requires that notice be received by the defendant's counsel, if the defendant is represented, and, specifically, by the defendant's appellate counsel, if the defendant is represented by different counsel on appeal than at trial. That is, even if a defendant personally, or the defendant's trial counsel, has received actual notice of entry of a supplemental judgment under ORS 138.083, the 30-day appeal period begins to run only if and when the defendant's appellate counsel receives actual notice of entry of the supplemental judgment.

For its part, the state does not disagree that ORS 138.071(4) sets out an "actual" rather than a "constructive" notice requirement. The state also does not disagree that the words "the defendant" *could* include a defendant's appellate counsel. In the state's view, however, once the defendant, trial counsel, *or* appellate counsel receives actual notice of entry of a supplemental judgment under ORS 138.083, the statutory

---

For purposes of construing ORS 138.071(4) in this opinion, we refer to a trial court's entry of a supplemental judgment awarding restitution under ORS 138.083(2)(b) as a "supplemental judgment under ORS 138.083."

5

requirement is satisfied, and the 30-day appeal period begins to run. And, here, because the record reflects that defendant's trial counsel received notice of entry of the supplemental judgment not later than November 20, 2009, the 30-day appeal period ran on December 21, 2009,[7] approximately three months before defendant's appellate counsel filed the amended notice of appeal from the supplemental judgment.

To resolve the parties' dispute, we must construe ORS 138.071(4), using our established methodology. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (when construing statutes, court first considers statutory text and context and, to extent useful to court's analysis, legislative history); *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998) (court also considers case law construing statute at issue at first level of analysis). Again, as pertinent here, the operative words of ORS 138.071(4) are that an appeal from a supplemental judgment under ORS 138.083 must be filed "not later than 30 days after the defendant receives notice that the judgment has been entered."

As noted, the parties do not dispute that, by stating that a defendant must "receive[] notice" for the 30-day appeal period to begin to run, the legislature intended that a defendant receive actual rather than constructive notice of entry of the supplemental judgment. In other words, the legislature contemplated that (1) some person or entity would provide the defendant with the notice in question (that is, that

---

[7] Because December 20, 2009, fell on a Sunday, the last day to file a notice of appeal from the supplemental judgment -- assuming receipt of notice of entry of that judgment by "defendant" on November 20, 2009 -- was December 21, 2009. *See* ORS 174.120(2)(a) (stating time computation rule when last day falls on legal holiday); ORS 187.010(1)(a) (designating each Sunday as legal holiday).

6

entry of a qualifying judgment had occurred); and (2) the defendant need not act to preserve the time for appeal until receiving that notice. Entry of the supplemental judgment in the register would not alone be sufficient to trigger the 30-day appeal period.

We agree with the parties that the statutory text of ORS 138.071(4) plainly contemplates a defendant's receipt of actual notice of entry of a supplemental judgment under ORS 138.083. The statutory wording, "after the defendant receives notice," is set out in the passive voice and therefore does not identify the actor who must deliver notice to the defendant. *See generally Brentmar v. Jackson County*, 321 Or 481, 487, 900 P2d 1030 (1995) (where land use statute provided that certain uses "may be established," statute's use of passive voice in key verb "establish" meant that statute did not specify the actor); *Duncan v. Augter*, 286 Or 723, 727, 596 P2d 555 (1979) (passive wording in statute of limitations regarding when injury is discovered or reasonably should have been discovered did not specify whose discovery triggered time limitation). However, the statutory wording unambiguously directs that the trigger for the start of the 30-day appeal period is a defendant's receipt of notice of entry of a supplemental judgment from some source. It follows that a defendant is not deemed to receive that notice by virtue of its entry and is not independently obligated to determine the date or fact of entry of a supplemental judgment under ORS 138.083 to preserve the time for appeal.

Statutory context confirms that reading. Most notably, other parts of ORS 138.071 that establish various time periods for appeal are based on the date of entry of the judgment or order at issue -- and thereby on a party's constructive notice of that date -- and not on a defendant's receipt of actual notice of entry. *See, e.g.*, ORS 138.071(1)

7

(setting out general rule that notice of appeal must be served and filed "not later than 30 days after the judgment or order appealed from *was entered in the register*" (emphasis added)); ORS 138.071(2)(a) (same, regarding notice of appeal from order disposing of motion for new trial or arrest of judgment). That distinct difference in statutory wording indicates that, by using the precise words "receives notice" in ORS 138.071(4), the legislature intended to impose an actual, not a constructive, notice requirement for appeals from supplemental judgments entered under ORS 138.083.

In their application of that "actual notice" requirement to the facts of this case, the parties discuss this court's decision in *Fowler*, 350 Or 133, and, as noted, the Court of Appeals followed *Fowler* in concluding that defendant's amended notice of appeal was untimely. In *Fowler*, the trial court had informed the defendant, at the conclusion of a hearing on the state's request for transportation costs, that an "amended judgment" awarding costs would be entered and that the time to appeal that judgment had begun to run. Two days later, a supplemental judgment was entered in the register. More than 30 days later, the defendant filed his notice of appeal from the supplemental judgment. *Id.* at 135-36.

The Court of Appeals affirmed both the original and supplemental judgments without opinion, and the defendant petitioned for review. *Id.* at 136. In an opinion that allowed the defendant's petition in part, this court vacated the aspect of the Court of Appeals decision that affirmed the supplemental judgment and remanded with instructions to dismiss the defendant's appeal from that judgment for lack of jurisdiction. *Id.* at 140. This court expressed two bases for its decision: (1) nothing in the record

8

suggested that the supplemental judgment at issue qualified as a supplemental judgment awarding restitution under ORS 138.083, thereby rendering ORS 138.071(4) -- which measures the time for appeal from the date that a defendant receives notice of entry of supplemental judgment rather than from the date of its entry -- inapplicable; and (2) even if the judgment at issue qualified under ORS 138.083 and therefore ORS 138.071(4) applied, the trial court had informed both the defendant and her trial counsel that it would impose the requested costs in a supplemental judgment, and, in that circumstance, the defendant's failure to "check the status of that judgment" did not excuse her failure to file a timely notice of appeal. 350 Or at 139.

In its opinion in this case, the Court of Appeals determined that this court's secondary rationale in *Fowler* amounted to an independent reason for reaching the dispositional result, rather than mere *dictum* that accompanied a primary holding that the judgment in question did not qualify as a supplemental judgment awarding restitution under ORS 138.083. Accordingly, the Court of Appeals relied on that independent reason to conclude that defendant's notice of appeal was not timely filed. *Mullins*, 245 Or App at 510.

The Court of Appeals fairly characterized the secondary rationale from *Fowler* as an alternative holding, rather than *dictum*. *See Woodard v. Pacific F. & P. Co.*, 165 Or 250, 256-67, 106 P2d 1043 (1940) ("[W]here the court bases its decision on two or more distinct grounds, each ground so specified is, as much as any of the others, one of the grounds, a ruling upon questions involved in the case, and not 'mere *dictum*.'" (Internal quotation marks omitted.)) And, the Court of Appeals understandably reasoned

9

that that secondary rationale controlled the outcome in this case -- that is, the suggestion in *Fowler* that the defendant's failure to ascertain the date of entry of a known, impending judgment did not excuse her failure to timely file a notice of appeal under ORS 138.071(4). *Fowler*, 350 Or at 139.

As noted, one of the key facts before this court in *Fowler* was that the supplemental judgment at issue was not a judgment awarding restitution under ORS 138.083. Consequently, the identified predicate requirement for the appeal timeline set out in ORS 138.071(4) -- that the supplemental judgment be one establishing the amount and terms of previously ordered restitution under ORS 138.083 -- was not satisfied. That fact is not present in this case; the parties agree that the supplemental judgment at issue here is a judgment awarding restitution under ORS 138.083. Therefore, we must decide whether the secondary and alternative rationale expressed in *Fowler* controls the result in this case.

The parties' arguments in that respect permit us to see more closely than was obvious when this court decided *Fowler* that two aspects of the opinion in that case could prove confusing. First, *Fowler* could be read to hold that a defendant against whom a supplemental judgment under ORS 138.083 is entered may be required under ORS 138.071(4) to "check the status of that judgment" to ensure the timely filing of a notice of appeal, rather than await actual notice of entry of that judgment. 350 Or at 139. That reading of *Fowler* is not justified. In *Fowler*, the trial court expressly had informed both the defendant and her trial counsel in open court, at the conclusion of a hearing on the matter at issue, that it would enter a supplemental judgment and that the time for

10

appealing the matter had commenced. It was only in that context that this court commented that the defendant's failure to ascertain the date of entry of that judgment was unavailing. The court did not hold that constructive notice was sufficient to meet the requirements of ORS 138.071(4), and, for the reasons that we have given, that statute requires actual rather than constructive notice of entry of a supplemental judgment under ORS 138.083.

The second aspect of *Fowler* that requires attention is its implication that actual notice that a supplemental judgment under ORS 138.083 *will be* entered may meet the requirement of ORS 138.071(4) that a defendant receive notice that such a judgment "*has been* entered." (Emphasis added.) This court in *Fowler* was not asked to focus -- and did not focus -- on that wording. It is appropriate for us to do so now. As previously discussed, ORS 138.071(4) requires that a defendant receive actual notice that a supplemental judgment under ORS 138.083 "has been entered," and we disavow any contrary implication in *Fowler*.[8]

We therefore turn to the issue on which this case depends and on which the parties' arguments differ: Whether, to meet the requirement in ORS 138.071(4) that "the defendant" receive notice of entry of a supplemental judgment under ORS 138.083, it is sufficient that a defendant, personally, or the defendant's trial counsel -- as opposed to the defendant's appellate counsel -- receive such notice. As noted earlier, defendant contends

---

[8] The facts in this case do not call on us to decide whether oral notice that a supplemental judgment under ORS 138.083 "has been entered" is sufficient to satisfy the requirements of ORS 138.071(4), and we do not do so.

11

that, if a defendant is represented by appellate counsel, only notice received by appellate counsel triggers the 30-day appeal period. The state does not disagree that the statutory phrase "the defendant" could be construed to include appellate counsel, but argues that notice received by the defendant, personally, or by trial counsel also satisfies the statutory requirement. From that premise, the state reasons that the notice of entry of the supplemental judgment received by defendant's trial counsel in November 2009 triggered the 30-day appeal period in this case and that the amended notice of appeal filed in March 2010 therefore was untimely.

We agree with the parties that, when the legislature based the time to appeal from a supplemental judgment under ORS 138.083 on the date that "*the defendant receives notice that the judgment has been entered,*" ORS 138.071(4) (emphasis added), it intended to include notice received by defense counsel, if the defendant is represented.[9] It is, of course, literally possible to view that text as referring to only the defendant personally; however, as defendant emphasizes, various contextual statutes suggest a broader reading when a defendant is represented by counsel. For example, in addition to setting out the requirements to file a notice of appeal, ORS 138.071 sets out other service and filing requirements that apply to a "defendant," even though the actions described ordinarily are taken by counsel, if a defendant is represented. *See* ORS 138.071(3)

---

[9] We emphasize that the dispute in this case centers on the fact that defendant's trial counsel, but not his appellate counsel, received notice of entry of a supplemental judgment under ORS 138.071(4). This case does not present the circumstance in which a represented defendant, personally -- but not the defendant's counsel -- received notice, and we do not decide how ORS 138.071(4) would apply in that circumstance.

12

(cross-appealing "defendant" must serve and file notice of cross-appeal within specified time limit); ORS 138.071(5)(a) ("defendant" filing motion for leave to file late notice of appeal must show that failure to timely appeal not attributable to defendant personally and also show colorable claim of error in underlying proceeding). And, as the state notes, nothing in the statutory context suggests that ORS 138.071(4) was intended to *exclude* defense counsel, if a defendant is represented.

Two other Oregon statutes -- both contained in chapter 9 of the Oregon Revised Statutes, pertaining to attorneys -- provide additional context for our construction of ORS 138.071(4). ORS 9.310 provides, in part:

"An attorney is a person authorized to represent a party in the written proceedings in any action, suit or proceeding, in any stage thereof. An attorney * * * may also represent a party in court, or before a judicial officer, in which case the attorney is known as counsel, *and the authority of the attorney is limited to the matters that transpire in the court or before such officer at the time*."

(Emphasis added.) Additionally, ORS 9.320 provides, in part:

"Any action, suit, or proceeding may be * * * defended by a party in person, or by attorney * * *. Where a party appears by attorney, the written proceedings must be in the name of the attorney, *who is the sole representative of the client of the attorney as between the client and the adverse party* [with an exception that does not apply here]."

(Emphasis added.) Consistently with those statutes, counsel for a criminal defendant effectively serves as a representative or agent for the defendant in a court proceeding for which an attorney is appointed or retained *See Lehman v. Knott*, 100 Or 240, 246, 187 P 1109 (1920) ("The relationship of attorney and client is that of principal and agent."); *see also Granewich v. Harding*, 329 Or 47, 56 n 5, 985 P2d 788 (1999) (citing agency

13

principles in context of attorney-client relationship). As this court has explained, in the context of an administrative agency proceeding,

> "when an [administrative] agency has actual knowledge that a person is represented by counsel, that knowledge triggers certain obligations on the part of the agency and certain rights in the represented person. After receiving information that a party is represented by a lawyer, an agency rightfully may presume that the lawyer has authority to speak on behalf of the party on all matters pertaining to the representation. By the same token, a party, having elected to be represented by a lawyer, is entitled to rely on the lawyer to deal with the agency on its behalf and to expect the agency to deal with the lawyer."

*ETU, Inc. v. Environmental Quality Commission*, 343 Or 57, 66, 162 P3d 248 (2007).

*See also generally Goldsborough v. Eagle Crest Partners, Ltd.*, 314 Or 336, 342, 343 n 10, 838 P2d 1069 (1992) (in absence of evidence to contrary, inference may be drawn that lawyer who voluntarily turned over privileged material during discovery acted within scope of authority from client and with client's consent; attorney akin to agent). That reasoning applies with equal force to the relationship between a criminal defendant and counsel representing the defendant in the criminal case.

It follows as a textual and contextual matter that, in referring to notice received by "the defendant," ORS 138.071(4) includes notice received by the defendant's counsel in the case. Although the parties agree on that point, their arguments diverge regarding whether the statute requires notice to a defendant's appellate counsel if the defendant is represented on appeal or also refers to notice received by the defendant's trial counsel during the course of any concurrent representation. Turning again to the context that ORS 9.310 provides, the authority of counsel in the representation "is limited to the matters that transpire in the court." In this case, both trial and appellate counsel had

14

authority to act on defendant's behalf in their respective courts. Trial counsel represented defendant in the underlying trial court proceeding, including the post-judgment proceedings that culminated in entry of the supplemental judgment. The supplemental judgment awarding restitution was entered in those post-judgment proceedings while trial counsel was attorney of record for defendant in that court. Consequently, the scope of trial counsel's representation extended to receipt of notice of entry of that supplemental judgment. Appellate counsel, in turn, represented defendant on appeal. Such representation encompassed the filing of any required notice of appeal -- here, the notice of appeal from the judgment of conviction and sentence and the amended notice of appeal from the supplemental judgment. Consequently, the scope of appellate counsel's representation also extended to receipt of notice of entry of the supplemental judgment, the event that triggered the 30-day period for filing the notice of appeal.

The foregoing statutory context supports the state's reading of ORS 138.071(4) as applied to this case -- that is, that notice received by "the defendant" included notice received by defendant's trial counsel and, therefore, that trial counsel's receipt of notice of entry of the supplemental judgment was sufficient to trigger the 30-day appeal period. Defendant argues, however, that we also must consider relevant legislative history and that the history that he proffers supports his assertion that ORS 138.071(4) requires receipt of notice by appellate counsel, if the defendant is represented for purposes of appeal. The state does not challenge the history that defendant proffers, but it draws a different conclusion from it, in the context of the facts of this case.

The identified legislative history is primarily recited in an unpublished

15

order that the Court of Appeals Appellate Commissioner issued in *State v. Bennett* (A141528), which the Court of Appeals also reviewed in this case before concluding that this court's decision in *Fowler* controlled. *Mullins*, 245 Or App at 509-10. For the reasons explained below, we agree with the parties that the proffered legislative history sheds light on the intended purpose of the notice requirement in ORS 138.071(4); however, we ultimately agree with the state that the notice received by trial counsel in this case was sufficient to trigger the 30-day appeal period set out in that statute.

We begin by framing the enactment history of both ORS 138.071(4), the statute at issue, and ORS 138.083, the statute that grants a sentencing court post-judgment jurisdiction for the purpose of either correcting or modifying the judgment in certain circumstances or determining an amount of restitution to be set out in a supplemental judgment.[10] The latter statute was enacted in 1989; as originally enacted, the statute granted a sentencing court narrow authority for 60 days post-judgment, irrespective of any notice of appeal, to modify a judgment and sentence to correct any arithmetic or clerical error. Or Laws 1989, ch 790, § 20. The legislature amended ORS 138.083 three times between 1989 and 2007, and, by 2007, the statute granted a trial court authority post-judgment to award restitution in a supplemental judgment and required that the trial court forward to the appellate court a copy of a corrected or modified judgment, but not a supplemental judgment awarding restitution. *See* Or Laws

---

[10] We set out the current version of ORS 138.083(2)(b), which permits entry of a supplemental judgment for restitution, earlier in this opinion. ___ Or at ___ n 6 (slip op at 4 n 6).

16

1995, ch 109, § 1 (adding post-judgment authority to delete or modify erroneous judgment term and requiring trial court to forward copy of amended judgment to appellate court); Or Laws 1997, ch 389, § 2 (adding provision governing supplemental judgments awarding restitution, but not including requirement to forward copy of amended judgment awarding restitution to appellate court); Or Laws 2003, ch 576, § 165 (incorporating "supplemental judgment" wording).

The predecessor to ORS 138.071 was part of the original 1953 Oregon Revised Statutes; *former* ORS 138.070 (1953) simply provided that "[a]n appeal must be taken within 60 days after the judgment or order appealed from was given or made."  In 1971, the legislature repealed *former* ORS 138.070 and replaced it with ORS 138.071, which shortened the appeal period from 60 to 30 days and added a provision relating to appeal from disposition of a motion for new trial or motion in arrest of judgment.  Or Laws 1971, ch 565, §§ 20, 21.  In 1985, the legislature again amended the statute, replacing the requirement that the judgment or order appealed from be "given or made" with the requirement that it be "entered" (at that time, in the journal of the circuit court or docket of the district court).  Or Laws 1985, ch 282, § 1.[11]  Before 2007, ORS 138.071 did not include the exception now set out in subsection (4), regarding an appeal from a corrected or supplemental judgment entered under ORS 138.083.  Instead, an appeal from such a supplemental judgment was governed by ORS 138.071(1), which required -- and still requires -- that a notice of appeal be filed not later than 30 days after the date that the

---

[11]    The legislature amended ORS 138.071 in other ways between 1971 and 2007, but those amendments are not relevant to our analysis.

17

judgment at issue is entered in the register.

In 2007, the legislature amended ORS 138.071 to add, *inter alia*, the new subsection (4) that is at issue in this case; the legislature also enacted a companion amendment to ORS 138.083. Or Laws 2007, ch 547, §§ 2, 3. In *Bennett*, the Appellate Commissioner summarized the relevant legislative history regarding those collective 2007 amendments as follows (new 2007 statutory text in boldface type; omitted statutory text in brackets and italics):

"ORS 138.071(4) was enacted as part of House Bill 2322 (Oregon Laws 2007, ch 547), sections 2 and 3 of which are relevant here. Section 3, in addition to modifying the numbering of [the subsections of] ORS 138.083[], included the following:

"[(1) * * *]

"[* * * * *]

"'(b) If a sentencing court enters *[an amended]* **a corrected** judgment under this *[section]* **subsection while an appeal of the judgment is pending**, the court shall immediately forward a copy of the *[amended]* **corrected** judgment to the appellate court. Any modification of the appeal necessitated by the *[amended]* **corrected** judgment shall be made in the manner specified by rules adopted by the appellate court.

"'[(2) * * *]

"'* * * * *

"'(c) **If a sentencing court enters a supplemental judgment under this subsection while an appeal of the judgment of conviction is pending, the court shall immediately forward a copy of the supplemental judgment to the appellate court.** Any modification of the appeal necessitated by the supplemental judgment may be made in the manner specified by rules adopted by the appellate court.'

18

"Section 2 of HB 2322, among other things, amended ORS 138.071 to add what is now subsection (4), which, as noted above, provides that a notice of appeal from a corrected or supplemental judgment under ORS 138.083 must be filed no later than 30 days after the 'defendant receives notice' that the judgment has been entered.

"HB 2322 was introduced at the request of the Judicial Department. The Department's written testimony in support of the bill noted, with respect to sections 2 and 3, that:

"'The new Appellate Case Management System has been programmed to automatically generate a notice to parties on appeal when the appellate court receives a copy of a corrected or supplemental judgment.'

"(Written testimony dated May 3, 2007, of Kingsley Click, State Court Administrator, before the Senate Judiciary Committee). That testimony is consistent with [Oregon Rule of Appellate Procedure (]ORAP[)] 8.28(2)(a), which addresses notices of appeal from corrected or supplemental judgments under ORS 138.083, providing in part: 'The amended notice of appeal shall state when the party received notice of entry of the corrected or supplemental judgment.'

"Thus, the legislative scheme anticipated that (1) the trial court would forward a copy of a corrected or supplemental judgment * * * to the appellate court; (2) the appellate court would give the parties notice of entry of the corrected or supplemental judgment; and (3) the time period for filing notice of appeal from such a corrected or supplemental notice would not begin to run until 'the defendant' received notice that the judgment had been entered. Ms. Click's testimony pointed out why the legislation was necessary:

"'Current law requires the trial court to send a copy of a corrected judgment to the appellate court (but not to the parties); however, trial courts do not consistently do so in a timely way, and some parties on appeal, therefore, may not discover the corrected or supplemental judgment until late in the appeal process. The changes preserve both the state's and the defendant's right to appeal if the trial court fails to send timely copies to the appellate court.'"

*State v. Bennett* (A141528), Order Denying Motion to Strike Respondent's Brief and

Granting Motion for Leave to File Reply Brief (unpublished), 5-6 (issued April 22, 2011)

19

(most brackets in original). In *Bennett*, the Appellate Commissioner also took judicial notice of the following:

> "[T]he case register system used by the appellate courts is programmed so that, when a party is represented by counsel on appeal, any notice issued to a party is actually issued to the attorney representing the party on appeal. Indeed, when an attorney files a notice of appeal on behalf of a party, the notice of appeal does not provide the party's address, and the court has no alternative except to correspond with the attorney. *See* ORAP 2.05(5) (requiring notice of appeal to contain the names of parties and their attorneys, the addresses of attorneys, and the address of a party only if the party is proceeding without counsel)."

*Id.* at 6 (footnote omitted). Nothing in the legislative history suggests that, in enacting HB 2322 (2007), the legislature intended any result beyond addressing the concerns that the Judicial Department had expressed in requesting enactment of the bill.[12]

---

[12] The state offers additional legislative history on HB 2322 (2007), as that bill was considered in the House, to essentially same effect. For example, in her oral testimony before the House Judiciary Committee, State Court Administrator Kingsley Click stated:

> "Basically, right now, after you have your regular judgment, you send up your notice of appeal, the defendant or most often the defendant's counsel. There is for motions that happen after the fact some error, something that occurs after the original judgment, there's a need for an amended or a supplemental judgment. Under the statute, there's no requirement that the trial court provide this to the defendant. And, so often there's an amended judgment that's gone up, the defendant's appeal is progressing, no one knows that now they must file an amended notice of appeal. So, this would put it, really, in the appellate court's responsibility to provide the notice to the defendant and allows them to have the 30 days to send up an amended notice after that. * * * As many of you were able to hear, we have a new appellate case management system at the appellate level * * * [that] can automatically generate notices to parties. So * * * we think this will actually decrease delay instead of increase problems in this area."

Audio Recording, House Committee on Judiciary, HB 2322, Feb 1, 2007, at 46:50:5

20

From the foregoing, defendant contends that -- in accord with the Appellate Commissioner's review of the legislative history in *Bennett* -- to trigger the 30-day appeal period under ORS 138.071(4), a defendant's *appellate counsel* must receive the notice that that provision contemplates.[13] In reviewing the applicable legislative history, we agree that the legislature's purpose in adding new subsection (4) to ORS 138.071 and in amending ORS 138.083 was to facilitate receipt of actual notice of entry of a supplemental judgment by the person responsible for filing the notice of appeal -- that is, by appellate counsel (or by the defendant, if unrepresented on appeal). As defendant contends, the legislature intended to address persistent complications that arise when appellate counsel is not aware of entry of a supplemental judgment and consequently misses an entry-based deadline for appeal. The legislative solution was to (1) expressly require the trial court to send a copy of the corrected or supplemental judgment to the appellate court if an appeal is pending; (2) inferentially rely on the appellate court to send notice of entry of the supplemental judgment to appellate counsel or to the defendant, if unrepresented on appeal; and (3) expressly base the time period for appeal from the

---

(statement of Kingsley Click), http://www.leg.state.or.us/listn/ (accessed Aug 9, 2012).

[13] In *Bennett*, the defendant's appellate counsel had received notice of entry of a supplemental judgment entered under ORS 138.083 more than seven months after entry of that judgment in the register and then filed an amended notice of appeal within 30 days of receiving notice. *State v. Bennett* (A141528), Order Denying Motion to Strike Respondent's Brief and Granting Motion for Leave to File Reply Brief (unpublished), 2 (issued April 22, 2011). In *Bennett*, the Appellate Commissioner concluded that the amended notice of appeal was timely. *Id.* at 7. *Bennett* did not involve the factual scenario at issue in this case, in which trial counsel received notice of entry of the supplemental judgment before the date that appellate counsel received such notice.

21

supplemental judgment on receipt of the notice of entry of that judgment, instead of on the fact of entry.

In this case, however, we can infer from the record that the anticipated process did not occur.[14] Defendant's trial counsel, instead of his appellate counsel, received notice of entry of the supplemental judgment in November 2009, more than four months after entry of that judgment, and approximately four months before appellate counsel received notice of entry of that judgment.

We again turn to the specific words of ORS 138.071(4), guided by the principle that "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes." *State v. Gaines*, 346 Or at 171 (internal quotation marks omitted). ORS 138.071(4) requires that a notice of appeal be filed not later than 30 days after "the defendant receives notice that the judgment has been entered." Notably, in enacting that subsection in 2007, the legislature did not identify appellate counsel as the required recipient of the notice, if a defendant is represented on appeal. *See generally* ORS 174.010 (in construction of a statute, court must not insert what has been omitted). Instead, the legislature used only the words "the defendant," which, as noted earlier in our discussion of statutory context, may include both a criminal defendant's trial and appellate counsel, each of whom acts as an agent for the defendant in the course of the proceeding for which that counsel is

---

[14]     Our conclusion in this case does not alter that anticipated process. Rather, it decides a narrow issue about how ORS 138.071(4) operates when the anticipated process does not occur.

22

appointed or retained.

Here, the parties agree that defendant's trial counsel received notice of the entry of the supplemental judgment in November 2009, at a time when that counsel continued to serve as attorney of record for defendant in the trial court proceeding. Therefore, trial counsel was serving as defendant's agent on that date. Given the wording that the legislature used when it enacted ORS 138.071(4), we conclude that trial counsel's receipt of notice of entry of the supplemental judgment amounted to notice received by "the defendant" under ORS 138.071(4) that that judgment had been entered and, therefore, that the 30-day appeal period began to run as of the date of trial counsel's receipt of that notice. The amended notice of appeal that incorporated the supplemental judgment, filed in March 2010, therefore was not timely filed. The Court of Appeals correctly dismissed defendant's appeal for lack of jurisdiction.

The decision of the Court of Appeals is affirmed. The judgment of conviction and sentence and the supplemental judgment for restitution entered by the circuit court are affirmed.